74 A.2d 472 (1950)
STEWART
v.
DELAWARE LIQUOR COMMISSION.
Court of General Sessions of Delaware, Kent County.
June 27, 1950.
Arley B. Magee, Jr., of Dover, for appellant.
Daniel J. Layton, Sr., of Georgetown, for appellee.
RICHARDS, C. J., and CAREY, J., sitting.
*473 CAREY, Judge.
The sole question before us is whether the Commission abused its discretion in denying a license to appellant. Chapter 275, Volume 43, Laws of Delaware, Page 1129, which amends Code Section 6150, forbids us to set aside the Commission's findings of fact unless the record contains no substantial evidence that would reasonably support the said finding. In Lord v. Delaware Liquor Commission, 2 Terry 154, 17 A.2d 230, this Court mentioned the limited scope of our power in these liquor license cases. The Legislature has conferred the power and placed the responsibility upon the Commission of determining what applications are to be granted. We can reverse only in the event the Commission exercises its power arbitrarily, or commits an error of law, or makes findings of fact unsupported by substantial evidence. Whether or not we would have reached the same conclusion from the same evidence is of no moment.
As indicated in the statement of facts, the Commission's action herein is based upon two grounds. We need not discuss the first ground for the second one alone is sufficient to support the refusal of a license, as nothing brought to our attention in this case justifies a reversal upon this second reason, namely, that the premises are in the vicinity of a school and two churches. As to it, the basic facts are not, and cannot be, disputed; although the exact distances between the various buildings are not indicated, the map of Dover in the record shows their relation to one another. Clearly, the Commission was not wrong in determining that they are in the same vicinity, whatever may be the correct definition of the word "vicinity" as used in the Act. The only possible question, then, is whether the Commission abused its discretion in denying a license for that reason.
The statute involved is 6153, Sec. 24(2), Revised Code 1935, which reads as follows:
"(2) The Commission shall refuse to grant any license for the sale of `alcoholic liquor' upon grounds or in buildings occupied by any agricultural fair, industrial exhibition or race track meeting, or any such license of temporary nature to be exercised within one-quarter mile thereof. The Commission may refuse to grant a license to sell alcoholic liquor to any establishment located in the vicinity of a Church, School or College; provided, however, that the Commission may issue a license to any establishment located in the vicinity of a Church, School or College when such establishment has been located in a place prior to the time any Church, School or College may thereafter be located in the vicinity of such establishment".
The validity of the provision has not been questioned. A number of other states absolutely prohibit the granting of licenses within a specified distance of a church or school. 48 C.J.S., Intoxicating Liquors, § 136, page 244. Our Legislature has not seen fit to adopt such a fixed standard, apparently believing that a liquor establishment is not necessarily obnoxious to a church or school under all conditions and in every instance. The possible harmful effect in any given case is difficult to predict; it is a point upon which honest opinions may differ. The Act, therefore, leaves it to the Commission to determine whether the sale of liquor at a particular place is or is not likely to exert an undesirable influence or to be otherwise obnoxious because of its proximity to a church or school. Determination of the point requires the *474 exercise of sound discretion, and, as indicated above, this Court can only reverse where an improper use of that discretion appears.
What is there in this case to justify reversal on this point? Having determined the question of proximity as a fact, the Commission next had to decide whether the facts required a denial of the license. This conclusion must be based upon all the pertinent circumstances, including, but not limited to, a consideration of the general nature of the surrounding neighborhood, whether it is a business or residential district, the nature of the license sought, and the precise relation of the proposed store to the Church or School. Here, according to the record, the neighborhood is both business and residential, the business part consisting of a filling station, a barber shop and several small stores of various kinds at or close to the intersection of Governors Avenue and Division Street. The proposed store of appellant is a few steps to the north of that intersection. The license sought is for the sale of liquor for consumption off the premises. One Church is a very short distance around the corner on Division Street. The Junior College is about a block away to the north. Some of the students there are adults and are therefore legally permitted to purchase liquor. There is evidence to justify a reasonable belief that a liquor store as near as this could have an undesirable effect. In any event, from the record before us, we cannot say that the Commission's conclusion is without reasonable basis in fact or that its discretion has been abused in deciding this question against the appellant.
At the oral argument before us, appellant's counsel mentioned the fact that the Commission had recently granted an "on" license to a restaurant or tea room in Dover four or five blocks distant from 6 North Governors Avenue, which said tea room is but a very short distance from a Presbyterian Church. We, of course, do not know what was before the Commission in that case; so far as we are aware, no appeal was taken to this Court. Presumably a difference in circumstances existed. The difference in the type of license sought may be a partial explanation. In any event, we can only rule upon what is before us in this case. Moreover, this fact alone is by no means sufficient to justify a finding of abuse of discretion.
In as much as the reason we have herein considered requires an affirmance of the Commission's decision, we refrain from discussing the questions raised pertaining to its other ground.
The order of the Commission will be affirmed.