19685

Marvin TAYLOR, Respondent, v. W. W. LEWIS, et al., Appellants

(198 S. E. (2d) 801)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Donald V. Myers, Dudley Saleeby, Jr., Asst. Attys. Gen.,* of Columbia, *for Appellants,* cite:

T. L. *Hughston, Jr., Esq.,* of *Mays, Bishop & Hughston,* Greenwood, *for Respondent,* cites:

Aug. 29, 1973.

LEWIS, Justice:

This matter involves the right of respondent to require appellant, South Carolina Alcoholic Beverage Control Commission, to issue to him a license for the retail sale of chilled beer for off premises consumption only. Respondent's application for such a permit was denied by the appellant upon the ground that the business location was unsuitable for the

sale of beer and wine. Upon review by the lower court, under certiorari, the action of the appellant in denying respondent's application for a license to sell beer and wine was reversed as entirely without evidentiary support and an order issued directing appellant to issue the license applied for. This appeal is from the order directing the issuance of the license.

Appellant is authorized to issue two types of retail permits for the sale of beer and wine. Under Section 4-211 of the 1962 Code of Laws, an unconditional retail permit may be issued upon the payment of an annual fee of forty ($40.00) dollars; and a restricted permit "for the sale of beer for consumption off of the premises of the retailer" may be issued for an annual fee of five ($5.00) dollars.

Section 4-212 sets forth the qualifications for the issuance of permits for the sale of beer and wine and includes the requirement that the location of the proposed place of business of the applicant shall "in the opinion of the . . . Commission be a proper one."

We recently held in *Smith v. Pratt,* 258 S. C. 504, 189 S. E. (2d) 301, that "the language of the statute indicates legislative intention to vest in the Commission a rather broad discretion in determining the fitness or suitability of a particular location, but this discretion is not an unlimited one and does not authorize a determination of unsuitability which is wholly unsupported by any competent evidence."

The first question presented is whether the lower court erred in concluding that appellant's determination of unsuitability of respondent's business location was without evidentiary support.

Several persons appeared and testified in opposition to the granting of the permit to sell beer. These witnesses gave the following reasons as the basis for their opposition: (1) the location would be visited by persons who were intoxicated and that they would disturb the people in the nearby residential area; (2) the safety of children in the area would be

threatened; (3) the danger from highway traffic would be increased; (4) disturbances of the peace would occur; (5) two (2) churches were located in the area; (6) the value of the property of the witnesses would be reduced; (7) the area was without adequate police protection; and (8) the front yards of some of the witnesses had been littered with beer cans thrown there by passing motorists.

We agree with the lower court that the relevant testimony of those who oppose the requested permit consists entirely of opinions and conclusions which are not supported by any facts. The claimed detriment to the wellbeing of the community or the lack of adequate police protection are without factual support.

Respondent operates a neighborhood grocery store and gasoline filling station, and carries a stock of fishing supplies. His business is located on U. S. Highway 221 and S. C. Highway 72 about one-fourth mile from Lake Greenwood. The respondent and his family, including his mother and married daughter, lived in close proximity to the business premises. Other businesses are located in the area, including one within two hundred feet and two within one-fourth mile, which have permits for the sale and consumption of beer *on* the premises. There are six establishments within a mile of respondent's place operating with beer licenses. The surrounding area is about "half commercial and half residential."

Respondent began the operation of a business at the present location after the building was constructed in 1967. The State issued to him a retail permit for the sale and consumption of beer on the premises and he operated under such license at this location for about three (3) years. He then sold the business to a third party who also was issued a retail permit to sell beer at this location for a period of two years. Respondent recently repurchased the business and made the present application. It is undisputed that beer had been sold at the location in question under permits issued

by appellant for approximately five (5) years prior to the present application. The record is devoid of any showing that the location is any less suitable for the sale of beer now than during the prior five (5) year period.

The order of appellant denying the permit assigns no factual basis or reason for its finding of unsuitability and the record before us reveals none.

The final question involves appellant's challenge of the authority of the lower court to order the issuance of a license or permit to respondent for the sale of chilled beer for off premise consumption, taking the position that under the statutes and regulations adopted by appellant such conditional permit could not be lawfully issued.

The record shows that appellant, irrespective of its regulations, has apparently considered that it had the authority to issue permits such as is here involved and it is conceded that it has issued them in other instances. The application of respondent was accepted on this basis, and at no time was the present question raised by appellant in the proceedings before it or before the lower court. Under these circumstances, since this question was not raised in the court below, it will not be considered on appeal.

The judgment of the lower court is accordingly affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.