19947

James L. ROCHE, Appellant, v. The SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION et al., Respondents

(211 S. E. (2d) 243)

*Messrs. Jack F. McGuinn* and *Kenneth R. Kitts,* of Columbia, *for Appellant,*

*Dudley Saleeby, Jr., Asst. Atty. Gen.,* of Columbia, *for Respondents,*

January 17, 1975.

LITTLEJOHN, Justice:

On August 31, 1973, Appellant, James L. Roche, applied to the South Carolina Alcoholic Beverage Control Commission for a retail permit to sell chilled beer and wine for off-premises consumption at his grocery store.

The application was protested and a hearing was held. The Commission determined that the location of Appellant's store was unsuitable.

Appellant sought *certiorari* before John A. Mason, Richland County Court Associate Judge. After a hearing on the application Judge Mason concluded that the Commission had before it evidence to sustain its finding that the location of Appellant's store was unsuitable.

On appeal to this Court Appellant alleges that Judge Mason erred in three particulars:

"(1). In failing to hold that Section 4-212(6) of the South Carolina Code of Laws 1962 is unconstitutional as the section does not contain sufficient guidelines to determine what is a proper location;

"(2). In failing to hold that Appellant was unlawfully discriminated against since there were other businesses in the same location possessing similar permits;

"(3). In failing to hold that there was insufficient evidence to support the denial of Appellant's application."

Appellant submits that the lower court decision should be reversed and that we should direct the Commission to issue a permit for selling chilled beer and wine for off-premises consumption. We disagree.

The first two issues, (1) that Section 4-212(6) is unconstitutional and (2) that Appellant was unlawfully discriminated against, are not properly before this Court for consideration. Neither was raised in the court

below. In *Powers v. City of Aiken,* 255 S. C. 115, 117, 177 S. E. (2d) 370, 371 (1970), this Court stated that the purpose of appeal under our procedure is "to determine if the lower court did something that it should not have done, or omitted doing something it should have done." Accordingly, a trial judge will not be reversed for failing to act on a matter that was not submitted to him.

Appellant asserts that there was insufficient evidence to support the denial of his petition. This Court finds that there was ample supporting evidence. Testimony at the hearing revealed the following:

"(a) law enforcement officers in the area had constant problems with public intoxication;

"(b) the neighborhood was predominately residential in nature;

"(c) there was a church approximately 150 feet from Appellant's store."

In *Fowler v. Lewis,* 260 S. C. 54, 194 S. E. (2d) 191 (1973), this Court held that on writ of *certiorari* neither this Court nor the circuit court has the authority to weigh the evidence. It was stated that the sole issue on appeals of this nature is whether the Commission had sufficient evidence to support its decision.

We hold the finding of the Commission to be sufficiently supported by evidence. Accordingly, the judgment of the lower court is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and NESS, JJ., concur.