## 21411

T. J. SCHUDEL, Appellant, v. SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, Agency of the State of South Carolina, Donald E. Trent, Robert E. Simpson and Delores J. Simpson, Respondents.

(276 S. E. (2d) 308)

*E. Windell McCrackin* of *McCrackin & Barnett,* Myrtle Beach, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Edwin E. Evans,* Columbia, *for respondents.*

March 12, 1981.

LEWIS, Chief Justice:

The appellant initiated this action by petitioning the South Carolina Alcoholic Beverage Control Commission for a transfer of his beer and wine permit and the issuance of a sale or consumption license. The Commission denied both, on the ground that the proposed location of appellant's business was not suitable, and its action was affirmed by the lower court. We affirm.

We note at the outset the disagreement of the parties as to the proper scope of judicial review. We therefore first consider this threshold question.

The appellant takes the position that Section 1-23-380(g), of the South Carolina Code of Laws (1976) controls the scope of review for decisions from the Commission. However, the respondent, relying on such cases as *Roche v. S. C. Alcoholic Beverage Control Commission,* 263 S. C. 451, 211 S. E. (2d) 243, decided before the enactment of the statute, takes the position that this Court must confine its review to a determination of whether there was any evidence to support the Commission's decision. We agree with appellant that the standard of review has been changed.

Four years ago, the Administrative Procedures Act was enacted. Its purpose was to provide for administrative procedures for state agencies. The extent of its application is controlled by the definitions section codified as Section 1-23-310.

*Section 1-23-310 Definitions.*

As used in this article:

(1) "Agency" means each state board, commission, department or officer, other than the legislature or the courts, authorized by law to make rules to determine contested cases.

> We recently considered this newly enacted legislation. As we indicated in *Lark v. Bi-Lo,* —— S. C. ——, 276 S. E. (2d) 304 (1981), it is clear from the language of the Act and its history that it is to be all inclusive. We therefore hold that an appeal from the S. C. Alcoholic Beverage Control Commission is controlled by the Administrative Procedures Act, codified in Section 1-23-310, *et seq.* It follows that Section 1-23-380(g) provides the standard for judicial review.

Section 1-23-380(g):

(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

With this premise in mind, we review the record.

> The appellant previously operated a lounge at a different location. It was destroyed by fire. Although no formal complaints had been filed against his previ-

ous establishment, the sheriff's department had previously been summoned to the premises on several occasions because of disturbances. Apparently, because of this prior history, the sheriff opposed the granting of the licenses. A church nearby to the intended location also objected. The church was in the process of establishing a retreat for youths on the church's premises. Finally, residents living in close proximity were also in opposition. They had several small children.

In giving authority to grant a "mini-bottle" license, Section 61-5-50(b) provides:

The Commission may grant a license upon a finding that: (b) The applicant, if an individual, is of good moral character or, if a corporation or association, has a reputation for peace and good order in its community and its principals are of good moral character.

As to the issuance of a beer license, Section 61-9-120, in relevant part, indicates:

*Section 61-9-320. Qualification for permit.*

No permit authorizing the sale of beer or wine shall be issued unless:

(1) The applicant, and any agent or employee or servant of the applicant to be employed on the licensed premises, shall be of good moral character.

(6) The location of the proposed place of business of applicant shall in the opinion of the Alcoholic Beverage Control Commission be a proper one.

Section 61-5-50 is silent as to whether the location of the proposed place of business of an applicant may be considered in determining whether a "mini-bottle" license should be issued. Section 61-9-320, dealing with the issuance of a beer license, does contain a provision making location of the business a consideration.

Appellant argues that, since Section 61-5-50 omits any reference to location of the proposed business, the Commission was not authorized to take location into consideration in passing upon the application. This argument is based upon the fact that, in the recodification of the Code a prior section listing location as a consideration in determining applications for "mini-bottle" licenses, was moved to another chapter and is arguably no longer effective in considering "mini-bottle" applications. See: Section 4-53, 1962 Code of Laws (1975 Supp.) We find it unnecessary to determine the effect of the omission of former Section 4-53 from the present chapter dealing with "mini-bottle"; for, irrespectively, the Commission had the authority to consider suitability of location of the place of business of each application for a "mini-bottle" license.

Section 61-5-50 provides that the "Commission *may* [rather than shall] grant a license." (Emphasis added.) The legislative use of the discretionary term "may" indicates a recognition that there may be a number of variables inherent in any decision regarding the issuance of an alcoholic beverage license. Although the suitability of proposed location of the business of the applicant is not listed in Section 61-5-50 as a condition of licensing, such a consideration is proper. In *Broughton v. Alabama A. B. C. Commission,* Ala. Civ. App., 348 So. (2d) 1059, the applicable rule is thus stated:

Notwithstanding the absence of restrictions in a statute or ordinance, licensing authorities have as a general rule been permitted to deny licenses when the proposed location is improper by reason of the location and its surroundings. 48 C. J. S., Intoxicating Liquors, Section 136; 45 Am. Jur. (2d), Intoxicating Liquors, Section 138.

In the light of these criteria, we cannot say that the decision of the Commission is clearly erroneous in view of the

reliable, probative and substantial evidence on the whole record.

Affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.