21532

FAST STOPS, INC., Respondent, v. Miller S. INGRAM, C. Kenneth Powell and Kenneth E. Allen, Constituting the South Carolina Alcoholic Beverage Control Commission, Appellants.

(281 S. E. (2d) 118)

594

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Edwin E. Evans,* Columbia, *for appellants.*

*Gaines W. Smith* of Legare, Hare & Smith, Charleston, *for respondent.*

July 29, 1981.

HARWELL, Justice:

The appellants, members of the South Carolina Alcoholic Beverage Control Commission, appeal from the order of the circuit judge which reverses the Commission's decision in denying respondent Fast Stops, Inc.'s application for a beer and wine permit. We reverse the circuit judge.

We have recently found the provisions in the State Administrative Procedures Act, Sections 1-23-310, et seq., Code of Laws of South Carolina (1976), applicable to the South Carolina Alcoholic Beverage Control Commission. *Schudel v. South Carolina Alcoholic Beverage*

*Control Commission,* S. C., 276 S. E. (2d) 308 (1981). As such, a decision of the Commission must be sustained if there is substantial evidence to support it. Section 1-23-380(g) of the Code.

" 'Substantial evidence' is not a mere scintilla of evidence nor evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." *Laws v. Richland County School District No. 1,* 270 S. C. 492, 243 S. E. (2d) 192 (1978). The possibility of drawing two inconsistent conclusions from the evidence does not prevent the agency's finding from being supported by substantial evidence. *Ellis v. Spartan Mills,* 277 S. E. (2d) 590 (1981). Indeed, the evidence is substantial if direction of the verdict would be improper were the matter before a jury for its consideration. *Lark v. Bi-Lo, Inc.,* S. C., 276 S. E. (2d) 304 (1981).

Neither this Court nor the circuit court has the authority to weigh the evidence and substitute its judgment for that of the Commission. The limited substantial evidence standard of review is intended only to assure that the Commission's action is properly supported and that, therefore, no abuse of delegated authority occurred. See, *Fowler v. Lewis,* 260 S. C. 54, 194 S. E. (2d) 191 (1973).

Section 61-9-320 of the Code provides, inter alia, that no permit authorizing the sale of beer or wine shall be issued unless the Alcoholic Beverage Control Commission determines that the location of the proposed place of business is a proper one. Although "proper location" is not statutorily denied, this Court recognizes the rather broad discretion vested in the Commission in determining the fitness or suitability of a particular location. *Smith v. Pratt,* 258

S. C. 504, 189 S. E. (2d) 301 (1972); *Taylor v. Lewis*, 261 S. C. 168, 198 S. E. (2d) 801 (1973).

Respondent Fast Stops contends that the Commission improperly denied it a beer and wine permit for its North Charleston convenience store. The circuit judge agreed, finding that the proposed location was already heavily commercial and, in fact, already possessed of two beer and wine retail outlets within a few hundred yards of the proposed site. The circuit judge discounted the significance of a nearby school and playground and concluded that the denial of the permit in this case was an abuse of discretion. We disagree.

The proposed location, while on a commercial road which admittedly already has beer and wine outlets in the general vicinity, is directly across from an elementary school and playground area. Additionally a park and a church are nearby. A local law enforcement officer testified about alcoholic consumption on the school grounds: "I myself have experienced individuals on the school property drinking beer. I myself have escorted them from the property. I feel that this [proposed retail outlet] will only increase the activity of beer open on the school property and the playground area because of the closeness . . . It's less than 150 feet from the church property . . ." The local representatives of the Parent Teacher Association and the Cooper River Playground and Park Commission echoed this concern that the proximity of the proposed outlet would aggravate the drinking related problems in the public area.

We hold that the findings of the Commission are supported by substantial evidence. Accordingly, the order of the lower court is

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.