0201

William R. PALMER, d/b/a Kuntry Korner, Appellant, v. SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, Respondent.

(317 S. E. (2d) 476)

Court of Appeals

*Thomas F. Babb*, of *Babb & Babb*, Laurens, *for appellant.*

*Asst. Atty. Gen. Edwin E. Evans*, Columbia, *for respondent.*

Heard April 18, 1984.

Decided June 18, 1984.

CURETON, Judge:

The appellant, William R. Palmer (Palmer) initiated this action by petitioning the South Carolina Alcoholic Beverage

Control Commission (Commission) for a permit to sell beer and wine in his establishment known as Kuntry Korner. The Commission denied the permit on the ground that the location of the business was unsuitable. On appeal of the Commission's decision to the circuit court, the Commission's order was affirmed.

The sole exception raised by Palmer on appeal is "That the lower court erred in affirming the Commission's Order in that the record does not contain any evidence to support the refusal to issue a permit." We disagree and affirm the circuit court.

In its discussion of the suitability of the location the Commission stated in its order:

> The location known as Kountry (sic) Korner, Route 3, Box 1542, Laurens, South Carolina, is a business operated as a convenience store. It is approximately one (1) mile from Kagines Shoals on Ravens Creek, the "shoals" (sic) are known as a source of law enforcement difficulty. The location is at least three (3) miles from the nearest town. It is located in a rural, residential area; this would indicate that necessary law enforcement is not immediately available. The intersection at this location is a dangerous one, with relatively heavy traffic. This complicates the law enforcement problem.

Ordinarily, the issuance or granting of a license to sell beer or alcoholic beverages rests in the sound discretion of the body or official to whom the duty of issuing it is committed; and the power to issue a license for the sale of alcoholic beverages involves the power to refuse such licenses. *Wall v. South Carolina Alcoholic Beverage Control Commission,* 269 S. C. 13, 235 S. E. (2d) 806 (1977); 45 Am. Jur. (2d) *Intoxicating Liquor* Section 161 (1969). In South Carolina the authority to grant all licenses and permits relating to alcoholic beverages and beer has been delegated to the South Carolina Alcoholic Beverage Control Commission. Section 61-9-320 of the South Carolina Code of Laws (1976), as amended, provides, *inter alia,* that:

> No permit authorizing the sale of beer and wine shall be issued unless:

(6) the location of the proposed place of business of applicant shall in the opinion of the Alcoholic Beverage Control Commission be a proper one.

The factual determination of whether or not an application for a retail permit is granted or rejected is usually the sole prerogative of the Commission. Its judgment will not be disturbed by the courts unless, according to South Carolina Code Ann. Section 1-23-380(g)(5) and (6) (Supp. 1983), the decision is:

(5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*See also, Schudel v. South Carolina Alcoholic Beverage Control Commission,* 276 S. C. 138, 276 S. E. (2d) 308 (1981).

The Supreme Court articulated this Court's and the circuit court's standard of evidentiary review pursuant to the Administrative Procedures Act in *Lark v. Bi Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304 (1981). There, the court noted that:

The Court shall not substitute its judgment for that of the agency as to the weight of evidence on questions of fact. In addition, the statute states the decision under appeal must be "clearly erroneous" in view of the substantial evidence on the whole record.

The Court further noted that the substantial evidence rule means that "we will not overturn a finding of fact by an administrative agency 'unless there is no reasonable probability that the facts could be as related by a witness upon whose testimony the finding was based.' [Citation omitted]." *See also, Fast Stops, Inc. v. Ingram,* 276 S. C. 593, 281 S. E. (2d) 118 (1981).

In considering whether a proposed location is suitable the Commission may properly consider any evidence that shows adverse circumstances of location. *Smith v. Pratt,* 258 S. C. 504, 189 S. E. (2d) 301 (1972). This determination of suitability is not solely a function of geography but involves an infinite variety of considerations related to the nature and operation of the proposed business and its impact upon the community wherein it is to be situated. *Cf. Schudel v.*

*South Carolina Alcoholic Beverage Control Commission, supra;* 48 C. J. S. *Intoxicating Liquors* Sections 118-121 (1981).

A review of the transcript reveals substantial evidence to support the Commission's conclusion that the beer and wine permit should not issue. The Commission found, and competent evidence discloses, that the intersection at this location is heavily traveled and creates a traffic danger. In addition, the nearest residence is approximately seventy-two (72') feet from Palmer's business. Further, the area is located in close proximity to a place known as Kagines Shoals on Ravens Creek, which has in the past been a source of constant law enforcement problems and a place where young people congregate and loiter.

The findings of the Commission that this location is situated in a rural residential area, in close proximity to other residences, and that there have been law enforcement problems in the area, support the conclusion that the location is unsuitable for the sale of cold beer and wine. *See, e.g., Roche v. South Carolina Alcoholic Beverage Control Commission,* 263 S. C. 451, 211 S. E. (2d) 243 (1975); *Schudel v. South Carolina Alcoholic Beverage Control Commission, supra.*

The General Assembly has vested in the Alcoholic Beverage Control Commission a "broad discretion . . . in determining the fitness or suitability of a particular location." *Fast Stops, Inc. v. Ingram, supra; Fowler v. Lewis,* 260 S. C. 54, 194 S. E. (2d) 191 (1973). In exercising this discretion, the Commission's decisions are not to be disturbed unless its findings are "clearly erroneous." We conclude that the decision of the Commission is supported by substantial evidence, is not erroneous in view of the reliable, probative and substantial evidence on the whole record, and is not arbitrary or capricious.

Accordingly, the order of the trial court is

Affirmed.

SHAW and BELL, JJ., concur.