0521

PORT OIL COMPANY, INC., Bobby G. Hardee, Sr., Division Manager, Respondent, v. Kenneth E. ALLEN, Sallie J. Scott and Elliott D. Thompson, constituting the South Carolina Alcoholic Beverage Control Commission, Appellants.

(332 S. E. (2d) 787)

Court of Appeals

*Atty. Gen. T. Travis Medlock* and *Sr. Asst. Atty. Gen. Edwin E. Evans,* Columbia, *for appellants.*

*T. Allen Legare, Jr.* of *Legare, Hare & Smith,* Charleston, *for respondent.*

Heard May 28, 1985.

Decided July 9, 1985.

SANDERS, Chief Judge:

Respondent Bobbie G. Hardee, Jr. applied on behalf of respondent Port Oil Company, Inc. to appellant South Carolina Alcoholic Beverage Control Commission for a permit to sell beer and wine for off-premise consumption. The Commission denied the application, concluding that the Port Oil location was not a proper one. Port Oil appealed to the Circuit Court which reversed the Commission's decision ordering it to issue the permit. The Commission appealed to the Supreme Court. While this appeal was pending before the Supreme Court, Justice Ness issued a writ of mandamus for the court, lifting the automatic stay provisions of Supreme Court Rule 41 and ordering the Commission to issue the permit to Port Oil during the pendency of the appeal. The Supreme Court then transferred the case to this court. We affirm the Circuit Court's order.

Section 61-9-320 of the 1976 Code of Laws of South Carolina provides in part:

> No permit authorizing the sale of beer and wine shall be issued unless ... [t]he location of the proposed place of business of the applicant shall in the opinion of the Alcoholic Beverage Control Commission be a proper one.

Pursuant to this code section, the Commission has ■■ "rather broad discretion ... in determining the fitness and suitability of a particular location." *Fast Stops, Inc. v. Ingram,* 276 S. C. 593, 281 S. E. (2d) 118 (1981). While the Commission's discretion is broad, it is not unbridled. *Byers v. S. C. Alcoholic Beverage Control Commission,* 281 S. C. 566, 316 S. E. (2d) 705 (Ct. App. 1984). A decision of the Commission may be reversed "if substantial rights of the appellant have been prejudiced because the

administrative findings, inferences, conclusions or decisions are ... [c]learly erroneous in view of the reliable, probative and substantial evidence on the whole record." Section 1-23-380(g) of the 1976 Code of Laws of South Carolina as amended. Substantial evidence is neither a mere scintilla of evidence nor evidence viewed blindly from one side of a case, but rather is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the Commission reached. *Byers*, 281 S. C. at 566, 316 S. E. (2d) at 705.

Thus simply stated, the issue before us here (and the issue which was before the Circuit Judge) is whether the record as a whole contains sufficient evidence to support the Commission's decision. *See Roche v. S. C. Alcoholic Beverage Control Commission*, 263 S. C. 451, 211 S. E. (2d) 243 (1975) ("[S]ole issue on appeals of this nature is whether the Commission had sufficient evidence to support its decision.").

The evidence contained in the record may be fairly summarized as follows. The Port Oil location is a service station on Maybank Highway, a well-traveled thoroughfare. There are a number of commercial establishments in the immediate vicinity. Several already have permits to sell alcoholic beverages, including the "Ram Room," a bar located within a half block of the Port Oil location.

The location adjoins the rear of a lot on which a residence is located and is across the highway from the James Island Baptist Church which operates a kindergarten. The location is about 42 feet from the residence and 150 feet from the church building. Tall shrubbery screens the location from the view of the residence, which faces another street. The location is separated from the church property by a chain link fence as well as the highway. The main entrance to the church property is through a gate approximately a block away from the location. There are other gates on Maybank Highway opposite the location. These gates are kept closed except to admit either large crowds or the garbage truck which empties the dumpster.

Mr. Hardee, the division manager for Port Oil, testified that a number of permits to sell beer and wine for off-premise consumption have been issued to him for other

locations. He further testified that the manager of the location here is "a real strict operator."

Mr. Glen Hern, whose residence adjoins the location, testified in opposition to the permit. He gave as his reasons for opposing it that children leaving the church kindergarten would exit from a door in plain view of the location; that he now has to pick up litter consisting of beer cans, bottles and other containers on his property, which he speculates is generated by the location; and that he was told by an unidentified person that people sometimes urinate on the ground outside the bathroom of the location. However, he also testified he had never had occasion to call the police about any problem at the location. Mr. Hern further testified he was personally opposed to the consumption of beer and alcoholic beverages in any form, but had not opposed the permit issued to the Ram Room.

Reverend Oscar Lee Holland, Sr., pastor of the James Island Baptist Church, also testified in opposition to the permit. He gave as his reasons for opposing it, the proximity of the location to the church and its property, and the hazard presented by the heavy traffic on the highway associated with the location. He further testified that residents of the neighborhood include transients and elderly people, and opined that the neighborhood is "declining" because of "alcoholics, dope and that kind of thing." Finally, he testified that he and the Southern Baptist Convention oppose the consumption of alcoholic beverages but said he had not opposed renewal of the permit issued to the Ram Room, after learning that it was owned by one of his members. (The Ram Room is located even closer to the main entrance to the church property than the Port Oil location.)

In our opinion, the record as a whole does not contain sufficient evidence to support the Commission's decision to deny a permit for the sale of beer and wine at the location for off-premise consumption. The fact that the location is relatively close to the residence, church and kindergarten, as well as the testimony of Mr. Hern and Rev. Holland, is some evidence that the location is not a proper one. However, in our opinion, this evidence is not substantial when viewed together with the other evidence that the location is otherwise a proper one. For this reason, we conclude that the

Commission's decision "is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." *See* Section 1-23-380(g)(5).

We reject the Commission's argument that the fact the location is close to the residence, church and kindergarten is sufficient evidence, standing alone, to support its decision to deny the permit. In support of its argument, the Commission cites *Palmer v. S. C. Alcoholic Beverage Control Commission,* 282 S. Ct. 246, 317 S. E. (2d) 476 (Ct. App. 1984); *Fast Stops,* 276 S. C. at 593, 281 S. E. (2d) at 118; *Schudel v. S. C. Alcoholic Beverage Control Commission,* 276 S. C. 138, 276 S. E. (2d) 308 (1981); *Roche,* 263 S. C. at 451, 211 S. E. (2d) at 243; *Fowler v. Lewis,* 260 S. C. 54, 194 S. E. (2d) 191 (1973); and *Smith v. Pratt,* 258 S. C. 504, 189 S. E. (2d) 301 (1972). In *Palmer, Fast Stops, Schudel, Roche* and *Fowler,* the Commission's decision to deny a permit was affirmed based, in part, on evidence that a location was close to a residence, church or school, but in each case there was other substantial evidence, not present here, that the location was not a proper one. These cases are therefore distinguishable on their facts. Moreover, in *Palmer,* this court expressly held that the "determination of suitability (of a location) is not solely a function of geography." 282 S. C. at 249, 317 S. E. (2d) at 478.

In *Smith,* the court affirmed the Circuit Court which reversed the Commission's decision denying renewal of a permit to sell beer and wine on the ground that the location was not a proper one. The case appears to recognize that proximity of a location to a church, school or playground is a factor to be considered in granting or denying a permit to sell beer and wine, but does not hold that such a permit can

be denied based on proximity alone. To the contrary, the case can be read as implying the opposite.[1]

Accordingly, the order of the Circuit Court reversing the Commission's decision is

Affirmed

GARDNER and BELL, JJ., concur.

---

[1] The location in *Smith* was across the street from Epworth Children's Home. According to the court's opinion, "Epworth is neither a church, school nor playground but partakes somewhat of the nature of all three." 258 S. C. at 509, 189 S. E. (2d) at 303. In deciding the case, the court cited Section 4-33.1 (now Section 61-3-330) which prohibits the Commission from issuing a retail liquor license to a location within three hundred feet of a church, school or playground. The court then went on to hold:

> While the foregoing statute is not at all controlling, it is persuasive that a finding of unsuitability of location in this case may not be predicated solely upon the fact that the location is slightly more than one thousand feet from an institution such as Epworth.

> Since the beer and wine here involved have been expressly declared to be nonalcoholic and nonintoxicating beverages, Code Sec. 4-201 (now Section 61-9-10), it is entirely illogical, we think, to conclude, that a location is unsuitable for a license, solely on the basis of proximity, when the distance involved is more than three times as much as the minimum distance determined by the legislature with respect to an alcoholic liquor license.

258 S. C. at 509, 189 S. E. (2d) at 303.