## 22432

Robert W. KEARNEY, President, Kearney's, Inc., Respondent, v. Kenneth E. ALLEN, Sally J. Scott and Elliott D. Thompson, constituting the South Carolina Alcoholic Beverage Control Commission, Richard A. Bello, Lloyd Hendricks, Leone Castles, Moffatt Burris, Rev. Paul Monroe, Dr. Kyle Myers, and Hugh Palmer, et al., (Protestants), of whom Kenneth E. Allen, Sally J. Scott and Elliott D. Thompson, constituting the South Carolina Alcoholic Beverage Control Commission, are Appellants.

(338 S. E. (2d) 335)

Supreme Court

*Atty. Gen. T. Travis Medlock, Senior Asst. Atty. Gen. Edwin E. Evans,* and *Asst. Atty. Gen. Frank L. Valenta, Jr.,* Columbia, *for appellants.*

*Troy L. Hyatt* of *Hyatt & Hyatt,* and *Robert C. Elliott* of *The Elliott Law Firm,* Columbia, *for respondent.*

Heard Nov. 4, 1985.

Decided Dec. 18, 1985.

CHANDLER, Justice:

The South Carolina Alcoholic Beverage Control Commission (ABC) appeals a Circuit Court reversal of its order denying a beer and wine permit and a minibottle license to Robert W. Kearney, President, Kearney's Inc. (Kearney).

We reverse.

## FACTS

Kearney filed an application for a beer and wine permit and a minibottle license. Thereafter, ABC conducted a hearing at which a large number of witnesses testified, pro and con.

Kearney proposed to convert a skating rink located off Decker Boulevard in Richland County into a country-western music lounge-restaurant (lounge). He anticipated serving up to 1000 patrons at any given time. Proposed hours of operation were from 5:30 p.m. to 2:00 a.m. on weeknights and from 4:00 p.m. to midnight on Saturdays.

The area immediately surrounding is predominantly residential. Located adjacent to Kearney's site is an apartment complex.

The distance between property lines of the lounge and Richland Northeast High School (School) is approximately .1 mile; structures on the school property are .2 mile from the lounge.

## ISSUE

The single issue presented is whether the Circuit Court erred in reversing ABC's order refusing the permit and license.

## THE LAW GOVERNING

The parties agree that this appeal is pursuant to the Administrative Procedures Act (APA), S. C. Code Ann. § 1-23-310 et seq. (Supp. 1984).

The scope of appellate review of administrative agency decisions is set out in § 1-23-380(g)(5).

> (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are: ...
>
> (5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record;

Authority to issue wine and beer permits is vested in ABC by S. C. Code Ann. § 61-9-320 (Supp. 1984); to issue minibottle licenses by S. C. Code Ann. § 61-5-50 (1976).

S. C. Code Ann. § 61-9-320 (Supp. 1984) mandates that ABC, before issuing a wine and beer permit, make a finding that an applicant's proposed place of business is a proper one:

> No permit authorizing the sale of beer or wine shall be issued unless: ...
>
> (6) The location of the proposed place of business of applicant is in the opinion of the Alcoholic Beverage Control Commission a proper one.

Although the minibottle statute is silent as to the necessity of a finding that a proposed location is suitable, we held in *Schudel v. S. C. A.B.C. Comm'n*, 276 S. C. 138, 142, 276 S. E. (2d) 308, 310 (1981) that ABC is empowered to take that factor into consideration. *See also*, 45 Am. Jur. (2d) *Intoxicating Liquors*, § 138 (1969); 48 C.J.S. *Intoxicating Liquors*, § 96 (1981).

> In determining whether a proposed location is suitable, ABC may consider any evidence adverse to the location. *Smith v. Pratt*, 258 S. C. 504, 189 S. E. (2d) 301 (1972). This determination of suitability is not solely a

function of geography. It involves an infinite variety of considerations related to the nature and operation of the proposed business and its impact on the community wherein it is to be situated. *Schudel;* 48 C.J.S. *Intoxicating Liquors,* §§ 118-119, 121 (1981).

## OUR DECISION

When the record is reviewed it is clear that reliable, probative and substantial evidence supports the decision of ABC denying the permit and license.

While there was other evidence relating to noise and inconvenience to nearby residents, the School principal's testimony alone was sufficient to support ABC's decision.

He testified in detail concerning: the School's large enrollment of 1700 students; School activities and curriculum during evening hours; the School's function as a community center on weekends, including use of the tennis courts, track and gym; heavy traffic during night football and basketball games; the late hour transportation of students attending athletic events.

ABC's order denying Kearney's application emphasizes the impact of the proposed lounge upon the School, upon the residential character of the surrounding area and upon the traffic congestion potential.

The test to be applied is not whether the reviewing appellate tribunal might have reached a different conclusion but, rather, whether the conclusion reached by ABC is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." *Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304 (1981).

We hold that ABC's decision is not clearly erroneous and, accordingly, should have been affirmed by the Circuit Court.

## STAY PENDING APPEAL

Following ABC's appeal to this Court, Kearney successfully petitioned the Circuit Court for an order requiring ABC, pending resolution of the appeal on its merits, to issue the permit and license. We superseded this Circuit Court order (second order).

Our opinion here renders moot the issue raised in ABC's appeal of the second order. However, for future benefit of

bench and bar, we interpret the application of Supreme Court Rule 41 to this issue.

Under Rule 41 § 1, appeals automatically stay lower court judgments, with ten enumerated exceptions. However, the Rule provides no procedure to settle disputes as to whether an exception applies. As no procedure is specified, authority to resolve such a dispute is vested in the Supreme Court, not the Circuit Court.

Rule 41 § 1(B)(2) provides for an exception to the automatic stay from judgments directing the delivery of documents. However, this exception contemplates delivery of the documents into court pursuant to S. C. Code Ann. § 18-9-150 (1976). Holders of ABC permits and licenses must have physical possession of the documents, in order to post them in their places of business as required by law.[1] Accordingly, Rule 41 § 1(B)(2) has no application in appeals from Circuit Court orders reversing an ABC decision to deny a permit or license.

Reversed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.

---

[1] S. C. Code Ann. § 61-5-20(4)(b) (1976); S. C. Code Ann. Vol. 23, Regs. 7-5 and 7-79 (1976).