1311

Angela I. EVANS, Assistant Secretary, El Toro Mexican Restaurants, Inc., Respondent v. Elliott D. THOMPSON, Sallie J. Scott, and Julius Murray, Constituting the South Carolina Alcoholic Beverage Control Commission, Appellants.

(378 S. E. (2d) 618)

Court of Appeals

*Atty. Gen. T. Travis Medlock,* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for appellants.*

*Gaines W. Smith,* of *Legare, Hare & Smith,* Charleston, *for respondent.*

Heard Feb. 13, 1989.

Decided March 27, 1989.

GARDNER, Justice:

Angela I. Evans (Evans), assistant secretary of El Toro. Mexican Restaurants, Inc., petitioned the Alcoholic Beverage Control Commission (the Commission) for a mini bottle license. The Commission denied the application. On appeal to the circuit court, the order of the Commission was reversed and the Commission was directed to issue the license. The Commission appeals. We affirm.

## FACTS

At the hearing representatives from Ashley River Baptist Church protested based on the restaurant's proximity to the church and to the church's playground. Section 61-3-440, Code of Laws of South Carolina (1976), provides in effect that the Commission shall not grant a license if the business establishment is located within 300 feet of a church, school or playground within a municipality or within 500 feet of a church, school or playground outside of a municipality. This statute provides that this distance shall be computed by following the shortest route of ordinary pedestrian or vehicular travel along the public thoroughfare from the nearest point of the grounds in use as part of such church, school or playground. The premises in this case are situate within the city of Charleston.

The record reflects that if one traveled across the restaurant's parking lot to the church playground, the distance would be 222 feet. On the other hand if the pedestrian traveled along the sidewalk, the distance exceeded 300 feet.

In its order denying Evans' application, the Commission stated:

> The appellant contends that the distance from the restaurant to the playground should be measured from the door on the western side of the restaurant, out to Savannah Highway, east on Savannah Highway to the entrance to the church parking lot, across the church parking lot and across the bridge over the tidal canal—a distance of well over three hundred feet. The protestants contend that the distance should be measured from the same door but directly south through the restaurant parking lot to the playground—a distance of two hundred and twenty-two (222') feet.

The Commission agrees with protestants. The ordinary route of pedestrian traffic from the restaurant to the playground would be directly south across the parking lot. . . .

On appeal from the Commission's decision, the circuit court held there was no evidence that "any pedestrian has or ever will follow" the route used by the Commission and no evidence that the route is the shortest route of the ordinary pedestrian or vehicular traffic. Thus, based on its holding that the Commission erroneously applied Section 61-3-440, the statutorily prescribed rule of measurement, the circuit court reversed the Commission's decision and ordered the Commission to issue the license to Evans.

## ISSUE
The only issue of merit is whether the reliable, probative and substantial evidence in the record supports the Commission's decision.

## DISCUSSION
The Commission argues that its decision adopting "a plain, ordinary, common sense approach in determining the ordinary route of pedestrian traffic from the Restaurant to the playground" is supported by the evidence. The Commission asserts, "Reasonable pedestrian travel would be from the door through the parking lot, past the curb and hedge, which were not shown to have presented any substantial obstruction, onto the church's playground." The Commission then argues that the circuit court's holding went beyond reasonable measurements and constituted the substitution of judicial judgment for agency judgment.

On the other hand Evans contends that the route used by the Commission is contrary to the statute in that "it is neither an 'ordinary route' nor on a 'public thoroughfare.'" Evans contends the evidence thus failed to support the Commission's method of measuring the distance between the restaurant and the playground.

We have carefully examined the record before us and find absolutely no evidence to support the proposition that the route adopted by the Commission is either an "ordinary route" or over a public thoroughfare. And we

reject the Commission's argument that "a plain, ordinary, common sense approach in determining the ordinary route of pedestrian traffic from the restaurant to the playground" is supported by the evidence. There is no substantial evidence of record to support this proposition. Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action. *Fast Stops, Inc. v. Ingram*, 276 S. C. 593, 281 S. E. (2d) 118 (1981). The statute is explicit in requiring that the route be over a public thoroughfare; the route prescribed by the Commission is not over a public thoroughfare; it is therefore erroneous and we so hold. We therefore find no error in the appealed order.

## CONCLUSION

Based on the above reasons, the appealed order is affirmed.

Affirmed.

SANDERS, C. J., and CURETON, J., concur.