1658

Joseph H. MOORE and Moore Oil Co., Inc., Respondents v. SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, Appellant.

(404 S.E. (2d) 714)

Court of Appeals

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen., Frank L. Valenta, Jr.,* and *Miller W. Shealy, Jr.,* Columbia, *for appellant.*

*Isadore E. Lourie* and *Andrew N. Safran,* at *Lourie, Curlee, Barrett & Popowski,* Columbia, *for respondents.*

Heard April 15, 1991; Decided May 13, 1991.

Rehearing Denied May 30, 1991.

GOOLSBY, Judge:

The dispositive issue presented in this appeal by the South Carolina Alcoholic Beverage Control Commission is whether the case, which involves an application by Joseph H. Moore and Moore Oil Company, Inc., for a retail permit to sell beer and wine for off-premise consumption, should be remanded to the commission for additional findings of fact. We think it should be. We therefore vacate the circuit court's order and remand the case to the commission.

Moore, as president of Moore Oil Company, Inc., applied to the commission for a retail permit to sell beer and wine for off-premise consumption. He sought the permit for a proposed convenience store to be located at the intersection of Highways 301 and 378 in Turbeville, South Carolina, a municipality in which, as the commission found, "[t]here are currently no establishments licensed to sell beer, wine or liquor within the corporate limits. . . ." The commission, however, denied Moore's application because it deemed the location "unsuitable for the sale of beer and wine." It said "the sale of beer and wine are inconsistent with the conduct of worship services and with the usual process of education conducted in our schools" and "the addition of beer and wine sales in Turbeville will strain [the town's one part-time police officer's] ability to provide adequate police protection in the community."

Moore appealed the commission's decision to the circuit court pursuant to the South Carolina Administrative Procedures Act.[1] The circuit court referred Moore's appeal to the master and authorized a direct appeal to the Supreme Court.

The master reversed the commission's decision and ordered it to issue the permit. He held the commission's conclusion that the location is unsuitable is not supported by substantial evidence on the record.

On appeal, the commission contends substantial evidence on the whole record does support its decision to deny Moore's application for a permit.

We, however, cannot now decide the issue raised by the commission because its order is insufficient to permit a court on review thereof to determine the question of whether to uphold or not its conclusion that the location of Moore's proposed place of business is unsuitable for the sale of beer and wine for off-premise consumption.[2]

The commission made two express findings of fact that directly relate to the suitability of the location. It found the location "is situated approximately three tenths (.3) of a mile [or 1,584 feet] from [the] Turbeville Southern Methodist Church

[1] S.C. Code Ann. § 1-23-380 (1986).

[2] *Cf. Hamm v. South Carolina Public Service Commission*, 298 S.C. 309, 312, 380 S.E. (2d) 428, 430 (1989) ("The insufficient Order here precludes a decision by this Court on whether substantial evidence on the whole record supports the . . . ultimate conclusions.").

and approximately five tenths (.5) of a mile [or 2,640 feet] from [the] East Clarendon High School" and it found "[p]olice protection in Turbeville is provided by one part-time police officer."[3] The commission's decision failed to include in its separately-stated findings of fact any findings whatever regarding the effect the granting to Moore of a permit to sell beer and wine for off-premise consumption at the location in question would have upon the school and church and upon area law enforcement.[4]

The commission apparently made no findings of fact regarding the effect the granting of the sought-after permit would have on the school and the church because it is now authorized by statute to consider, when determining whether to issue a beer and wine permit, "among other factors, as indications of unsuitable location, the proximity [of the location] to . . . schools . . . and churches. . . ."[5] In its view, the quoted lan-

---

[3] The finding that police protection in the town "is provided by one part-time police officer" is made in the face of testimony by the mayor pro tem of Turbeville on cross examination that the county provides Turbeville's police department with "back up" and "assist[s]" the department "when needed. . . ."

[4] We recognize the commission "conclude[d] that the addition of beer and wine sales in Turbeville will strain [its one part-time police officer's] ability to provide adequate police protection to the community." This conclusion, however, is found under the heading entitled "DISCUSSION AND CONCLUSIONS" and not under the heading entitled "FINDINGS OF FACT." We are therefore uncertain whether we are to regard it as a finding of fact or not. 2 Am. Jur. (2d) *Administrative Law* § 455, at 268 (1962) ("The findings must, in general, be definite, so as to leave no misunderstanding as to whether statements are intended to be findings. . . ."). On remand, the commission shall separately state all its findings of fact, as the statute requires. *See* S.C. Code Ann. § 1-23-350 (1986) ("A final decision shall include findings of fact and conclusions of law, separately stated."); 73A C.J.S. *Public Administrative Law and Procedure* § 144, at 104 (1983) ("Where the requirements as to administrative findings are contained in statutes, the findings must comply therewith."). In this way, not only here but in other cases, much confusion about what the commission clearly intends as a finding of fact can be avoided and judicial review will be facilitated. *See id.* § 143a, at 98 ("As a general rule, the . . . determination . . . of an administrative body . . . must be premised on a statement of *clear* findings of fact. . . ") (Emphasis ours); *id* § 143b, at 101 ("The purposes of findings by an administrative agency are to aid or facilitate, or provide the basis for, judicial review."); *id.* § 145, at 113 ("The findings must be sufficiently specific, definite, and certain to enable the reviewing court to review the decision intelligently and to ascertain whether the facts as found afford a reasonable basis for the decision. . . .").

[5] S.C. Code Ann. § 61-9-320(6) (1990).

guage, which first appeared in a 1986 amendment,[6] allows the commission to prohibit sales "in the vicinity of schools and churches" on the basis of proximity alone.[7]

■ We agree the commission, in determining whether to issue a beer or wine permit, may take into account, "among other factors," the proximity of schools and churches to the location of a proposed business. The statute plainly and expressly allows it to do so. We do not agree, however, that the mere proximity of a school or church to the location is a sufficient basis on which to deny a permit.[8] Were this the case, our legislature would have indicated as much, as it did, for example, when it provided for the issuance of licenses for the retail sale of alcoholic liquors.[9] Our legislature did not adopt a fixed standard in providing for the issuance of beer and wine permits, apparently because it believed an outlet

---

[6] *See* Act No. 374, 1986 S.C. Acts 2654, at 2655 (act amending Section 61-9-320 of the Code).

[7] As in the case of the commission's conclusion regarding the effect that the sale of beer and wine will have on police protection in the town, the commission's finding regarding "proximity" is found under the heading "DISCUSSION AND CONCLUSIONS." It states "the Commission has found . . . that [the location] is within relative close proximity to Turbeville Southern Methodist Church and East Clarendon High School." We are once again uncertain whether to regard a particular finding as a finding of fact or not since the finding is not included under "FINDINGS OF FACT." The question of whether a location is in "proximity" to a school or church is ordinarily a question of fact for the commission to determine. *See Stewart v. Delaware Liquor Commission*, 45 Del. 363, 74 A. (2d) 472 (1950) (premises within one block of a college and a church and 125 feet of another church were in the "vicinity" of a church and school within the meaning of a statute authorizing the Delaware Liquor Commission to refuse a retail liquor license to a location situated in the vicinity of the institutions).

[8] *Smith v. Pratt*, 258 S.C. 504, 189 S.E. (2d) 301 (1972); *Port Oil Company, Inc. v. Allen*, 286 S.C. 286, 332, S.E. (2d) 787 (Ct. App. 1985.)

[9] *See* S.C. Code Ann. § 61-3-440 (1990) ("The Commission shall not grant or issue any license provided for in this chapter . . . if the place of business is within three hundred feet of any church, school, or playground situated within a municipality or within five hundred feet of any church, school or playground situated outside of a municipality."); *cf.* 45 Am. Jur. (2d) *Intoxicating Liquors* § 140, at 585 (1969) ("A state . . . may enact a valid law . . . prohibiting sales within specified distances of . . . churches, schools. . . ."); 48 C.J.S. *Intoxicating Liquors* § 96a, at 449 (1981) ("Under statutes . . ., a liquor license may be denied where the premises sought to be licensed are within a designated distance of certain particular places or institutions.").

selling beer or wine at retail is not necessarily obnoxious to a school or church under all conditions and in every instance.[10]

The proximity of a school or church to a location is a sufficient basis on which the commission, in the exercise of its discretion, can deny a permit, but only when the commission, after considering all pertinent circumstances, makes findings of fact, supported by substantial evidence, that the sale of beer or wine at the location is likely to be detrimental to the public interest because of its proximity to a school or church.[11]

We also agree the commission, in determining whether to issue a beer and wine permit, may take into account the availability of adequate law enforcement in the area where the location is situated. Although Section 61-9-320(6) does not list this factor, nonetheless, it is a proper one for the commission to consider since the statute does not purport to list all the factors the commission may consider when deciding whether a location is a proper one or not.[12]

---

[10] See Stewart, 45 Del. at 366, 74 A. (2d) at 473 (construing a similar statute allowing Delaware Liquor Commission to refuse to grant a license to sell alcoholic liquor in the vicinity of a school, church, or college).

[11] See id. at 367, 74 A. (2d) at 473 ("The Act . . . leaves it to the Commission to determine whether the sale of liquor at a particular place is or is not likely to exert an undesirable influence or to be otherwise obnoxious because of its proximity to a church or school."); 45 Am. Jur. (2d) supra § 162, at 603-04 ("[T]he licensing authorities have the duty to reject an application where they have reason to believe that to grant it would prove detrimental to the public interest."); cf. Kearney v. Allen, 287 S.C. 324, 327, 338 S.E. (2d) 335, 337 (1985) (wherein the court upheld the commission's denial of a beer and wine permit and a minibottle license for a proposed lounge situated one tenth (.1) mile from a high school campus because the evidence supported the commission's decision that "emphasiz[ed] the impact of the proposed lounge upon the [s]chool, upon the residential character of the surrounding area and upon the traffic congestion potential."); Schudel v. South Carolina Alcoholic Beverage Control Commission, 276 S.C. 138, 141, 276 S.E. (2d) 308, 309 (1981) (wherein the court upheld the commission's denial of a beer and wine permit and a minibottle license for the location of an applicant's proposed business in view of evidence that the sheriff's department had been summoned to the premises on several occasions due to disturbances and a "nearby" church "was in the process of establishing a retreat for youths on the church's premises.").

[12] See Schudel, 276 S.C. at 142, 276 S.E. (2d) at 310 (the commission may consider the suitability of a proposed location even though the statute providing for the issuance of minibottle licenses does not mention the factor as one that the commission may take into account when considering whether to issue a license); Palmer v. South Carolina Alcoholic Beverage Control Commission, 282 S.C. 246, 249, 317 S.E. (2d) 476, 478 (Ct. App. 1984) (the determination of the suitability of a location "involves an infinite variety of considerations").

The presence, if such be the case, in the community where a location is situated of only a single, part-time police officer to provide police services may also be a sufficient basis on which the commission, in the exercise of its discretion, can deny the location a beer or wine permit, but only when, as in the case of a location's proximity to a school or church, the commission, after considering all pertinent circumstances, makes findings of fact, supported by substantial evidence, that the sale of beer or wine at the location is likely to be detrimental to the public interest because of the unavailability of adequate law enforcement in the community.[13]

Because the master undertook to reverse the commission without affording it an opportunity to remedy the defects contained in its decision, we vacate the master's order and remand the case to the commission for it to make appropriate findings of fact sufficient to allow judicial review of its decision.[14] The commission may determine the issues de novo, but

---

[13] *Cf. Fast Stops, Inc. v. Ingram*, 276 S.C. 593, 281 S.E. (2d) 118 (1981) (considering a local law enforcement officer's testimony that past problems with individuals' drinking on school property would be increased by the proximity of the location to the school); *Roche v. South Carolina Alcoholic Beverage Control Commission*, 263 S.C. 451, 211 S.E. (2d) 243 (1975) (considering local law enforcement officer's testimony that past problems with public intoxication in the area would be increased by the additional location); *Palmer*, 282 S.C. at 250, 317 S.E. (2d) at 478 (considering the area in the past had been a source of law enforcement problems and the expectation that the additional location for the sale of beer and wine would aggravate the current problems); *Byers v. South Carolina Alcoholic Beverage Control Commission*, 281 S.C. 566, 316 S.E. (2d) 705 (Ct. App. 1984) (considering whether the crime rate had increased in the area since a permit had been issued); *Johnson v. Moore*, 25 Ark. App. 86, 752 S.W. (2d) 293 (1988) (the Court of Appeals of Arkansas affirmed the refusal to issue a permit because the sheriff and deputy responsible for the location testified that in their opinion the issuance of the permit would cause an increase in law enforcement problems for the deputy who was already working seven days per week, was required to cover a 200 square mile territory, and was working in an area with one of the highest crime rates in the county).

[14] *See Drake v. Raybestos-Manhattan, Inc.*, 241 S.C. 116, 124, 127 S.E. (2d) 288, 292-93 (1962) *overruled on other grounds, Hunt v. Whitt*, 279 S.C. 343, 306 S.E. (2d) 621 (1983) (holding remand proper on a court's own motion in a workers' compensation case where the commission failed to make essential findings of fact because "[t]o hold otherwise would in such cases make the determination of the rights of the parties turn upon the neglect of the Commission to make essential findings of fact or would require the appellate court to make the omitted findings of fact which our statute forbids"); *Baldwin v. James River Corporation*, — S.E. (2d) — (Ct. App. 1991) (Davis Adv. Sh. No.

it is limited to the evidence contained in the present record.[15]

Vacated and remanded.

BELL and CURETON, JJ., concur.

11 at 25) (wherein the court of appeals remanded the case to the workers'
compensation commission because the commission made insufficient findings
of fact as to permit appellate review of the commission's decision denying an
award); 73A C.J.S. *supra* § 143, at 98 ("[T]he failure of an agency to make a
finding to support its decision is a technical defect which the agency should be
permitted to remedy."); *cf.* S.C. Code Ann. § 1-23-350 (1986) ("Findings of fact
... shall be accompanied by a concise and explicit statement of the underlying
facts supporting the findings.").

[15] *See Parker v. South Carolina Public Service Commission,* 288 S.C. 304,
307, 342 S.E. (2d) 403, 405 (1986) ("Unless this Court provides for the taking
of additional evidence, no party may afford itself two bites at the apple.").