0161

Ronald F. BYERS and Bradford L. Smith, Respondents, v. SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, Appellant.

(316 S. E. (2d) 705)

Court of Appeals

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Edwin E. Evans,* Columbia, *for appellant.*

*Troy L. Hyatt* and *Robert C. Elliott,* Columbia, *for respondents.*

April 23, 1984.

CURETON, Judge:

The respondents, Byers and Smith, petitioned the South Carolina Alcoholic Beverage Control Commission for a permit to sell beer and wine at The Hayloft, a club they contemplated purchasing. The Commission denied the petition on the ground that the location was unsuitable. The circuit court reversed the Commission's decision, finding there was no evidence of the unsuitability of the location and thus the decision was clearly erroneous in view of the substantial evidence. The Commission appeals.

The Commission first argues that the circuit court erred in concluding that the Commission's decision was not supported by substantial evidence in the record. It maintains that the circuit court substituted its own judgment of suitability of the location for that of the Commission. We disagree and affirm.

The Commission is clearly authorized to determine the suitability of the location of the place of business of an applicant for a permit to sell beer and wine. S. C. Code Ann. Section 61-9-320 provides in part:

Qualifications for permit. No permit authorizing the sale of beer or wine shall be issued unless:

. . .

(6) The location of the proposed place of business of the applicant shall in the opinion of the Alcoholic Beverage Control Commission be a proper one.

The South Carolina Supreme Court has stated that the language of the statute indicates a legislative intent to vest in the Commission "a rather broad discretion in determining the fitness or suitability of a particular location." *Smith v. Pratt*, 258 S. C. 504, 507, 189 S. E. (2d) 301, 302 (1972).

Although broad, the discretion is not unbridled. Under the Administrative Procedures Act, courts are given some limited review of decisions of the Commission. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981). Section 1-23-380(g) of the APA provides in part:

> (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> . . .
>
> (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. . . .

Substantial evidence as defined in *Laws v. Richland County School District No. 1*, 270 S. C. 492, 495-496, 243 S. E. (2d) 192, 193 (1978) is "not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." *See also, Lark v. Bi-Lo, Inc., supra.*

Our review of the record reveals that the Commission's findings upon which it based its conclusion that The Hayloft was an unsuitable location are either irrelevant to the determination of suitability or not supported by substantial evidence. These findings were: (1) the location plans to employ B-girls and strippers; (2) at least ten incidents at the club were reported to the police in the seven month period preceding the hearing; (3) crime in the area is increasing; (4) traffic in the

area is heavy; and (5) the permits for some other locations in the area had been revoked or not renewed.

The evidence, on the other hand, reveals that The Hayloft is located in a commercial area. It has operated under a permit to sell wine and beer for over twenty years. Its present owner was issued a permit without protest just seven months prior to the hearing on the respondents' application. Several other establishments in the area sell beer and wine. There was no evidence that the crime rate or traffic in the area had increased since the permit was issued for The Hayloft seven months previously. In fact, as the Supreme Court stated in *Taylor v. Lewis*, 261 S. C. 168, 198 S. E. (2d) 801 (1973), on similar facts, "the record is devoid of any showing that the location is less suitable for the sale of beer now than during the prior [twenty] year period."

The respondents' plans for the establishment have little bearing on the determination of suitability of location. Such factors are proper for consideration on a petition to revoke or suspend a permit pursuant to Code Section 61-9-410.

The Commission next contends that the circuit court lacked jurisdiction because persons protesting the granting of the permit were not served with the appeal petition. The Commission argues that Section 1-23-380(b) requires that copies of the petition be served on those protesting the application. We reject such a construction.

Section 1-23-380(b) provides that "[p]roceedings for review are instituted by filing a petition in the circuit court. . . . Copies of the petition shall be served upon the agency and *all parties of record.*" (emphasis added). Section 1-23-310(4) defines a party as "each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party." The record does not reflect that any of the protesters were "admitted as a party" or properly sought and were entitled as of right to be admitted as a party. Consequently, we find no merit in the Commission's contentions.

Having reviewed the errors assigned and finding none, the judgment of the circuit court is

Affirmed.

GARDNER and BELL, JJ., concur.