## 22963

Mary Sue BURNS, Individually and as G.A.L. and natural parent of James W. Burns, a minor over the age of fourteen, Appellant v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.

(377 S. E. (2d) 569)

Supreme Court

---

*Jonathan R. Hendrix,* of *Hendrix & Steigner, P.A.,* Lexington, *for appellant.*

*William O. Sweeny, III,* and *Rebecca Laffitte, Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent.*

Heard Nov. 2, 1988.

Decided Feb. 21, 1989.

HARWELL, Justice:

This case involves an insurance policy exclusion of additional personal injury protection (APIP) coverage to a person injured while on a motorcycle. We hold that such an exclusion is valid.

## FACTUAL BACKGROUND

Appellant Mary Sue Burns is the natural mother and guardian ad litem of James William ("J. W.") Burns. On January 8, 1987, J. W. was injured in a motorcycle accident. J. W.'s motorcycle policy did not include APIP coverage. His mother, appellant Burns, had APIP coverage of $5000.00 through auto insurance with respondent State Farm Mutual Insurance Company. Appellant Burns attempted to recover under this policy for her son's injuries. The insurance company refused coverage, citing an exclusion in appellant's policy which reads:

What is not covered under Coverage P (No Fault)
THERE IS NO COVERAGE FOR BODILY INJURY:
1. To any person:
    e. Occupying, Using or Maintaining A Motorcycle.

The trial judge held the exclusion valid. This appeal follows.

## DISCUSSION

There are three statutes which must be examined to determine the validity of the above exclusion. S. C. Code Ann. § 38-77-240 (Cum. Supp. 1987) sets forth minimum personal injury protection (PIP) coverage which an insurance company is required to offer an insured as an option under a policy. S. C. Code Ann. § 38-77-250 (Cum. Supp. 1987) sets forth additional personal injury protection (APIP) benefits which the insurance company is also required to offer to the insured as an option. The legislature has, however, provided that certain exceptions may be made from these coverage requirements. S. C. Code Ann. § 38-77-210 (Cum. Supp. 1987) allows insurance companies to make certain coverage exclusions, including an exclusion for motorcycles. The pertinent portion reads:

"With respect to motorcycles, economic loss benefits required under § 38-77-240 may be excluded. . . ."

Appellant argues that because the statute regarding exclusions refers only § 38-77-240 (PIP), and not to § 38-77-250 (APIP), the motorcycle exclusion is not valid for APIP. We disagree.

The cardinal rule of statutory construction is that we are to ascertain and effectuate the actual intent of the legislature. *Bankers Trust of South Carolina v. Bruce,* 275 S. C. 35, 267 S. E. (2d) 424 (1980); *McDonald v. State Farm Mutual Auto Ins. Co.,* 287 S. C. 40, 336 S. E. (2d) 492 (Ct. App. 1985). In ascertaining this intent, statutes which are part of the same Act must be read together. *Smalls v. Weed,* 293 S. C. 364, 380 S. E. (2d) 531 (Ct. App. 1987); *Busby v. State Farm Mutual Auto Ins. Co.,* 280 S. C. 330, 312 S. E. (2d) 716 (Ct. App. 1984). The PIP and APIP statutes must therefore be read concurrently.

The APIP statute reads that insurance companies must offer "benefits of the *same kind and supplemental* to those

described in § 38-77-240 ..." [emphasis added]. In order to give meaning to § 38-77-250, we must refer to § 38-77-240 to find out exactly which type of benefits § 38-77-250 is of the "same kind and supplemental to." Section 38-77-240 is the PIP statute. An exclusion which affects PIP benefits necessarily includes APIP, because these are benefits "of the same kind" as PIP.

Insurers have the right to limit their liability provided they do not contravene a statutory provision or public policy. *Pennsylvania National Mutual Casualty Insurance v. Parker*, 282 S. C. 546, 320 S. E. (2d) 458 (Ct. App. 1984). By enacting § 38-77-210, the legislature has allowed a limit on liability with regard to motorcycles. It is the responsibility of this Court to construe statutes; we have no power to legislate. *Hatchett v. Nationwide Mutual Insurance Company*, 244 S. C. 425, 137 S. E. (2d) 608 (1964); *Creech v. South Carolina Public Service Authority*, 200 S. C. 127, 20 S. E. (2d) 645 (1942). A reasonable construction of the statutes involved is that motorcycles may be validly excluded from both PIP and APIP coverage. The judgment of the trial court is

Affirmed.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.