1330

HOME HEALTH SERVICES, INC., Appellant v. SOUTH CAROLINA DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL, Respondent.

(379 S. E. (2d) 734)

Court of Appeals

*F. Truett Nettles, II* of *Hollings, Nettles & Settlemeyer, P.A.,* Charleston, *for appellant.*

*General Counsel Walton J. McLeod, III, Staff Counsel Salley M. Rentiers,* and *Staff Counsel Susan A. Lake, South Carolina Department of Health and Environmental Control,* Columbia, *for respondent.*

Heard March 20, 1989.

Decided April 24, 1989.

GOOLSBY, Judge:

Home Health Services, Inc. brought this action seeking judicial review of the decision by the South Carolina Department of Health and Environmental Control (DHEC) to grant Roper Hospital a certificate of need to operate a home health service agency. The trial court granted DHEC's motion to dismiss the action pursuant to Rule 12(b)(1) of the South Carolina Rules of Civil Procedure. Home Health Services appeals. The question on appeal is whether Home Health Services, which never became a party to the administrative proceedings conducted by DHEC, has standing to seek judicial review of DHEC's decision granting Roper a certificate of need. We affirm.

In 1985, Roper applied to DHEC for a certificate of need to operate a home health service agency in an area presently served by Home Health Services, an existing home health care agency.

After a hearing officer upheld the denial by DHEC staff of Roper's application, Roper appealed to DHEC's Board. The Board reversed the hearing officer's decision in a consent order and granted Roper a certificate of need.

Home Health Service never petitioned to intervene in the DHEC administrative proceedings; however, it did participate as a witness in all the administrative proceedings conducted by DHEC prior to the issuance of the consent order, offering evidence in opposition to Roper's request.

When Home Health Services learned of the consent order granting Roper a certificate of need, it immediately instituted the present action in circuit court. By its action, Home Health Service seeks judicial review of the consent order.

DHEC responded to the action by moving to have it dismissed pursuant to Rule 12(b)(1). It asserted Home Health Services is not entitled to judicial review of the consent order because Home Health Services never became a party to the administrative proceedings. The trial court agreed and granted DHEC's motion.

On appeal, Home Health Services contends it has standing to seek judicial review of DHEC's decision both under the Administrative Procedures Act (APA) and under the statute allowing judicial review of certificate of need decisions made by DHEC. S. C. CODE ANN. §§ 1-23-10 *et seq.* (1976 & Supp. 1988); *Id.,* § 44-7-377.

## I.

■ Section 1-23-380(a) of the APA provides:

A *party* who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this article and Article 1. This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief or trial *de novo* provided by law. . . . [Emphasis ours.]

The term "party" is defined by the APA in Section 1-23-310(4) as follows:

> "Party" means each person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party[.]

Home Health Services does not contend it was ever named or admitted as a "party" and it does not claim this case was not a "contested case," as that term is defined by Section 1-23-310(2). Rather, Home Health Services simply contends it is a "person ... properly seeking and entitled as of right to be admitted as a party."

The question here, however, is not whether Home Health Services had standing before the administrative agency. Instead, the question is whether it has standing now to seek judicial review of the agency's decision.

Home Health Services may well have been, as it argues, "entitled as of right to be admitted as a party" to contest Roper's application before DHEC; but, as the record makes clear, Home Health Services, though it had notice of Roper's application for a certificate of need, never sought to be admitted as a party to any of the administrative proceedings conducted by DHEC on Roper's application. *See* S. C. CODE ANN. R. 61-72, Section VI (1976) (regulation setting forth the proper procedure to be followed by a person or agency seeking to intervene in a contested case heard by DHEC). By not seeking party status in the agency proceedings, as it properly could have done, Home Health Services removed itself from the APA's definition of the term "party."

Because it was not a "party," as the term is defined by the APA, to the DHEC proceedings, Home Health Services, therefore, lacks standing under Section 1-23-380(a) to seek judicial review of DHEC's final decision regarding Roper's application. *See* D. SHIPLEY, SOUTH CAROLINA ADMINISTRATIVE LAW at 7-29 (1983) (to have standing to seek judicial review of an agency's decision, a person aggrieved by a final decision in a contested case must have had standing in the initial agency proceeding and he also must have participated in the case as a "party;" and if a person "received notice and decided not to participate in the agency proceeding, then he should not have standing to secure re-

view."); *cf. Byers v. South Carolina Alcoholic Beverage Control Commission,* 281 S. C. 566, 316 S. E. (2d) 705 (Ct. App. 1984) (copies of an appeal petition were not required to be served upon those protesting an application to the South Carolina Alcoholic Beverage Control Commission for a beer and wine license where the record did not reflect that those protesting the application either were admitted as a party or properly sought and were entitled as of right to be admitted as party).

## II.

Section 44-7-377,[1] which specifically provides for judicial review of certificate of need decisions made by DHEC, states in part:

> After a [c]ertificate of [n]eed decision is made and an administrative review is completed, ... any person adversely affected, as defined by regulations, may obtain judicial review of the decision in the appropriate state court pursuant to the Administrative Procedures Act. ...

Home Health Services contends it is a "person adversely affected" under Section 44-7-377 and, as such, has standing to seek judicial review of DHEC's decision, despite its failure to intervene in the agency proceedings.

---

[1] Section 44-7-377 was repealed effective June 21, 1988. 65 STAT. Act. No. 670 § 3 at 6220-21 (1988). It was replaced by Section 44-7-220, *Id.* § 1 at 6210. The new statute expressly limits the availability of judicial review of final DHEC Board decisions to *"any party who participated* in the contested case hearing and who is affected adversely by the board's decision. ..." [Emphasis added.] S. C. CODE ANN. § 44-7-220 (1976 & Supp. 1988). We find it unnecessary, however, to decide whether the replacement of Section 44-7-377 with Section 44-7-220 throws any light on how the legislature intended Section 44-7-377 to be interpreted. Ordinarily, however, the legislature's subsequent acts "cast no light on the intent of the legislature which enacted the statute being construed and a statute will not be regarded as a legislative construction of an earlier statute unless it is clear and unequivocal that such was the intent of the legislature." 82 C. J. S. *Statutes* § 360 at 787 (1953).

Even assuming Home Health Services is, as it claims, a "person adversely affected" within the meaning of Section 44-7-377,[2] it nonetheless lacks standing to obtain judicial review of DHEC's decision granting Roper a certificate of need.

While Section 44-7-377 confers the right to seek judicial review upon a person adversely affected by a DHEC decision granting or denying a certificate of need, the statute requires any such review ot be carried out "pursuant to the Administrative Procedures Act."

■ Because Section 44-7-377 expressly refers to the APA, of which Section 1-23-380(a) is a part, and because Section 1-23-380(a) and Section 44-7-377 deal with the same subject matter, *i.e.*, standing to seek judicial review of administrative decisions, both statutes are in *pari materia* and, therefore, must be construed together, if possible, to produce a single, harmonious system governing judicial review. *Smith v. South Carolina State Highway Commission,* 138 S. C. 374, 136 S. E. 487 (1927); 73 Am. Jur. (2d) *Statutes* § 189 at 388-89 (1974); 82 C. J. S. *Statutes* § 366 and 803-11 (1953). Such a system could not be produced by a construction of the two statutes that would deny a person adversely affected by a DHEC decision the right to seek judicial review under Section 1-23-380(a) while allowing it under Section 44-7-377. If a person adversely affected by a DHEC decision, then, is foreclosed from seeking judicial review under the APA, the person is also barred from seeking judicial review under Section 44-7-377.

As we noted above, only a "party" has standing to seek judicial review of an agency's final decision under Section 1-23-380(a) of the APA. As we also noted above, Home Health Services neither obtained nor sought party status in

---

[2] The term "affected persons" is defined by a DHEC regulation to included "health care facilities ... located in the health service area which provide institutional health services; ...." S. C. CODE ANN. R. 61-15(103)(1) (1976). Another DHEC regulation defines the term "persons directly affected" to include "health care facilities ... located in the health service area in which the service is proposed to be offered ... which provide services similar to the proposed services under review." *Id.* R. 61-15(103)(16).

the agency proceedings. Since Home Health Services lacks standing to seek judicial review under the APA, it likewise lacks standing to seek judicial review under Section 44-7-377.

Affirmed.

SHAW and BELL, JJ., concur.

