485 S.E.2d 107

James Q. WALTON, Respondent,

v.

CANAL INSURANCE COMPANY, Carl Owens, individually, Wayne Kinard, individually, and Carl Owens and Wayne Kinard, d/b/a Owens and Kinard Transport, Inc., a/k/a Owens Kinard Timber Transportation, Inc., Appellants.

No. 2650.

Court of Appeals of South Carolina.

Submitted March 4, 1997.

Decided March 31, 1997.

Rehearing Denied May 22, 1997.

Joseph S. Brockington and Mark C. Brandenburg, Charleston; and O. Doyle Martin, of Leatherwood, Walker Todd & Mann, Greenville, for appellants.

Colden R. Battey, Jr., of Harvey & Battey, Beaufort, for respondent.

STILWELL, Judge:

James Q. Walton brought this declaratory judgment action claiming Canal Insurance Company owes coverage to Owens & Kinard for an accident in which Walton was struck by an Owens & Kinard truck. Canal made a motion for summary judgment which the trial court denied. Walton then made a motion for summary judgment which the trial court granted. Canal appeals. We affirm.[1]

## FACTS

On January 2, 1992, Canal issued Policy Number 276497, effective from January 2, 1992, to January 2, 1993, to Owens & Kinard Timber, covering six tractors and one semi-trailer that were used in the company's logging business. A renewal notice dated December 4, 1992, was mailed by Kay Culbertson of Canal's underwriting department to Carl Owens, one of the principals of Owens & Kinard, offering to renew the policy on terms contained in the notice. On December 16, 1992, Donna M. Smith, a customer service representative for Insurance Services of Hampton, the insurance agency that handled Owens & Kinard's policy, mailed an invoice to Carl Owens and Wayne Kinard, d/b/a Kinard Timber Transport, Inc., for renewal of the policy.

On Monday, January 4, 1993, at 7:00 a.m., Claude Thomas, an Owens & Kinard employee, was involved in an accident while driving an Owens & Kinard truck. At approximately 8:30 a.m. that day, Wayne Kinard telephoned Donna Smith regarding coverage for the truck. Smith informed Kinard that the policy had expired and that she could not bind coverage until she received a check. At approximately 10:00 a.m. on January 4, 1993, Carl Owens delivered a check for

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

$2,202, the amount quoted in the invoice Smith had sent, to Tim Loadholt, an employee of Insurance Services of Hampton. Owens, however, failed to deliver an application for the insurance policy.

Thereafter, at approximately 1:35 p.m., Kinard delivered a completed application. Smith telephoned Canal, which approved the writing of the new policy with effective dates of 1:35 p.m. on January 4, 1993, through January 4, 1994. Upon receiving this approval, Smith completed the application, showing that the new policy would be effective for that period, and Kinard signed the application.

On April 19, 1994, Walton filed suit against Owens & Kinard and its driver for injuries he sustained during the accident on January 4. When Canal denied coverage to Owens & Kinard, Walton filed this declaratory judgment action.

## LAW/DISCUSSION

■ Canal argues the trial court erred "in ruling that a renewal policy provided coverage to Owens & Kinard for the accident on January 4, after policy 27 64 97 expired at 12:01 a.m. on January 2, 1993." We disagree.[2]

Canal does not dispute that it failed to provide thirty days' written notice to Owens & Kinard of its renewal terms and estimated renewal premiums. Canal admits the notice it sent to Owens & Kinard was dated December 4, 1992, and the policy's expiration date was January 2, 1993. Canal's only argument concerns the penalty provided by the applicable statutes for its failure to provide timely notification.

■■ The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *Green v. Thornton*, 265 S.C. 436, 219 S.E.2d 827 (1975). In ascertaining the legislature's intent, statutes that are part of the same act must be read together. *Burns v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 520, 377 S.E.2d 569 (1989).

---

2. Because we affirm on this ground, we do not address Walton's suggested additional ground for affirmance.

S.C.Code Ann. § 38–75–740(a) (1989) states, "No insurance policy may be nonrenewed by an insurer except in accordance with the provisions of this section, and any nonrenewal attempted which is not in compliance with this section is ineffective." "Nonrenewal" of a policy means "termination of [the] policy at its expiration date." S.C.Code Ann. § 38–75–720(5) (1989). S.C.Code Ann. § 38–75–740(b) (1989) provides:

A policy written for a term of one year or less may be nonrenewed by the insurer at its expiration date by giving or mailing written notice of nonrenewal to the insured and the agent of record, if any, not less than thirty days prior to the expiration date of the policy.

The plain meaning of these statutes, when read together, is that any attempt by an insurer to discontinue coverage on the policy's expiration date, without providing the insured with the requisite timely notice of renewal terms and premiums, will be ineffective, thereby causing coverage to continue. Any other interpretation would fail to give meaning to § 38–75–740(a)'s mandate that "any nonrenewal attempted which is not in compliance with this section is ineffective." Accordingly, Canal's attempt to terminate Owens & Kinard's coverage on January 2, 1993, without having provided Owens & Kinard with the requisite notice, was ineffective.

■ The legislature, however, in seeking to protect insured parties who had not received timely notification from having their insurance policies lapse, did not intend to bind them without their consent to the terms of a renewal policy for an entire year. S.C.Code Ann. § 38–75–750(b) (1989) provides that, for a policy to be renewed, the insured must be furnished with the renewal terms and the estimated amount of the premium at least thirty days prior to a policy's expiration date if that policy is for a term of one year or less. Subsection (e) further provides, "If the insurer fails to furnish the renewal terms and statement of premium or estimated premium due in the manner required by [§ 38–75–750]," as was the case in the present action,

the insured may elect to cancel the renewal policy within the thirty-day period following receipt of the renewal terms and statement of premium or estimated premium due. Earned

premium for any period of coverage must be calculated pro rata based upon the premium applicable to the original policy and not the premium applicable to the renewal policy.[3]

Because Owens & Kinard had not elected to cancel the renewal policy at the time the accident occurred, coverage under the policy had not yet terminated.

Canal also argues that the trial court's ruling is "contrary to South Carolina law" because there was no meeting of the minds between Owens & Kinard and Canal and no additional consideration for the renewal policy. We disagree. Canal's argument that meeting of the minds and additional consideration are required for the renewal of the policy simply ignores § 38-75-750(e), which explicitly allows a policy to be renewed—at least temporarily—with no notice to the insured and without the insured's consent.[4]

**AFFIRMED.**

CONNOR and HEARN, JJ., concur.

---

3.  Canal argues the legislature intended this section to apply only where the insurer unilaterally decides to renew the policy, and not where coverage is continued by operation of law because of the insurer's failure to provide timely notice of nonrenewal. However, the statute's explicit language, "If the insurer fails to furnish the renewal terms and statement of premium or estimated premium due in the manner required by this section . . .," does not provide such a limitation. Moreover, under the interpretation Canal proposes, the terms, premiums, and the extent to which the insured is bound to continue paying premiums for any continued coverage he may receive as a result of ineffective nonrenewal would all be undefined. *See Home Health Servs., Inc. v. South Carolina Dept. of Health and Environmental Control,* 298 S.C. 258, 379 S.E.2d 734 (Ct.App.1989) (statutes that deal with the same subject matter are *in pari materia* and must be construed together, if possible, to produce a single, harmonious result).

4.  Canal also argues it neither waived its right to deny coverage nor was estopped from doing so. We do not read the trial court's order as providing waiver or estoppel as a basis for its decision, nor do they provide a basis for our decision.