563 S.E.2d 336

**The STATE, Respondent,**

v.

**Charles Edward WATSON, II, Appellant.**

**No. 25463.**

Supreme Court of South Carolina.

Heard April 4, 2002.

Decided May 6, 2002.

Senior Assistant Appellate Defender Wanda H. Haile, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Jeffrey A. Jacobs, of Columbia, and Solicitor Druanne White, of Anderson, for respondent.

Justice PLEICONES.

Appellant Charles Watson ("Watson") appeals his conviction for murder, contending the trial court erred in not instructing the jury on the lesser included offense of reckless homicide. We affirm.

## *FACTS*

A police officer observed Watson driving a stolen automobile. The officer followed the vehicle, and turned on his blue light and siren to signal Watson to stop. Watson sped away and the officer pursued. During the three mile chase that ensued, Watson disregarded a number of traffic signals, and reached a maximum speed of about seventy miles per hour ("mph"). He failed to stop at a stop sign and struck another vehicle. According to the officer, Watson was traveling between sixty and sixty-five mph when the collision occurred. One of the five passengers in the vehicle, ten year-old Tiffany Addis, died as a result of injuries sustained in the wreck. Three of the other passengers received serious but non-fatal injuries.

■ Watson was indicted and tried on two counts of failure to stop when signaled causing great bodily injury, and one count each of failure to stop when signaled causing death, murder, possession of a stolen vehicle, and driving without a license. At trial, he requested the court charge the jury on the crime of reckless homicide [1] as a lesser included offense of murder. The trial court denied this request, but did charge the jury on the lesser included offense of involuntary manslaughter.[2] The jury found Watson guilty on all counts, including murder. The court sentenced Watson to thirty-seven years imprisonment for the murder conviction. All other sentences were concurrent.

## ISSUE

Did the trial court err in refusing Watson's request to instruct the jury on the crime of reckless homicide as a lesser included offense of murder?

## ANALYSIS

■ The trial judge is to charge the jury on a lesser included offense if there is any evidence from which the jury could infer that the lesser, rather than the greater, offense was committed. *State v. Gourdine,* 322 S.C. 396, 472 S.E.2d 241 (1996). The primary test for determining if a particular offense is a lesser included of the offense charged is the elements test. *State v. Elliott,* 346 S.C. 603, 552 S.E.2d 727 (2001). The elements test inquires whether the greater of the two offenses includes all the elements of the lesser offense. *State v. McFadden,* 342 S.C. 629, 632, 539 S.E.2d 387, 389 (2000). In a criminal case the trial court's subject matter jurisdiction is limited to those crimes charged in the indictment and all lesser included offenses. *See State v. Owens,* 346 S.C. 637, 552 S.E.2d 745 (2001); *State v. McFadden, supra.*

---

1. S.C.Code Ann. § 56–5–2910 (Supp.2001).

2. We express no opinion whether the trial court's instruction on involuntary manslaughter was warranted under the evidence presented at trial. However, involuntary manslaughter is certainly a lesser included offense of murder. *See State v. Burriss,* 334 S.C. 256, 513 S.E.2d 104 (1999).

The elements of the common-law offense of murder are codified at S.C.Code Ann. § 16–3–10 (1985): " 'Murder' is the killing of any person with malice aforethought, either express or implied." "Reckless homicide" is defined at S.C.Code Ann. § 56–5–2910 (Supp.2000).[3] Section 56–5–2910 provides that "[w]hen the death of a person ensues within one year[4] as a proximate result of injury received by the driving of a vehicle in reckless disregard of the safety of others, the person operating the vehicle is guilty of reckless homicide. . . ."

■ Reckless homicide requires proof that the defendant (1) operated an automobile (2) in reckless disregard for the safety of others; (3) the defendant's conduct proximately caused injury to the victim, and (4) within one year, the victim died as a result of these injuries.

■ Murder does not require the operation of an automobile. In addition, murder requires malice, either express or implied, whereas reckless homicide requires recklessness.[5] Strict application of the elements test leads to the conclusion that reckless homicide is not a lesser included offense of murder.

■ While the elements of murder do not include all elements of reckless homicide, *State v. Elliott, supra,* makes clear that the lesser included inquiry does not end with an application of the elements test. In *Elliott* we held that where an offense has traditionally been considered a lesser included offense of the greater offense charged, we will continue to construe it as a lesser included, despite the failure to strictly satisfy the elements test.

There is *dictum* in an opinion of this Court that reckless homicide is a lesser included of murder. In *State v. Reid,* 324 S.C. 74, 476 S.E.2d 695 (1996), the issue before the Court was

---

**3.** The General Assembly amended the statute effective August 31, 2001.

**4.** Section 56–5–2910, as amended, provides that the victim's death must occur within three years of the date of injury.

**5.** While malice and recklessness obviously are not equivalent, extreme recklessness can lead to an inference of malice. *See State v. Mouzon,* 231 S.C. 655, 99 S.E.2d 672 (1957) (malice may be inferred from an act so reckless as to manifest depravity of mind and disregard of human life).

whether the trial court committed error in allowing the State to introduce evidence of the defendant's post-arrest silence and his lack of remorse. In reversing, we observed that

> Reid was tried for the offenses of murder and ABIK. The *lesser-included offenses of reckless homicide,* involuntary manslaughter, and assault and battery of a high and aggravated nature (ABHAN) were also submitted to the jury. During deliberations, the jury twice requested clarification as to the differentiation between murder and reckless homicide. The only pertinent distinction between the greater and lesser offenses is the element of malice.

*Id.* at 78, 476 S.E.2d at 697 (emphasis supplied). With the exception of this isolated comment, nothing in the jurisprudence of this state indicates that reckless homicide is a lesser included offense of murder.

The instant case does not present an anomaly such as that in *Elliott.* Despite the above-quoted *dictum* in *State v. Reid, supra,* this Court has never held that reckless homicide is a lesser included offense of murder. We decline to do so. We instead adhere to the result dictated by the elements test for lesser included offenses, and hold that reckless homicide is not a lesser included offense of murder. To the extent *State v. Reid, supra,* may be read to indicate reckless homicide is a lesser included offense of murder, it is overruled.

## CONCLUSION

Under the elements test, reckless homicide is not a lesser included offense of murder, nor is reckless homicide an offense that has traditionally been considered a lesser included of murder. We therefore AFFIRM the trial court's refusal to give Watson's requested jury charge on the offense of reckless homicide.

TOAL, C.J., MOORE, BURNETT, JJ., and Acting Justice GEORGE T. GREGORY, JR., concur.