**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Matthew Antwain Jackson, Appellant.

Appellate Case No. 2013-001857

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-360
Submitted May 1, 2015 – Filed July 15, 2015

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General J. Benjamin Aplin, both of Columbia; and Solicitor David M. Stumbo, of Greenwood, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Taylor*, 411 S.C. 294, 299, 768 S.E.2d 71, 74 (Ct. App. 2014)

("[A]n appellate court is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Knoten*, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001) ("The law to be charged must be determined from the evidence presented at trial."); *State v. Watson*, 349 S.C. 372, 375, 563 S.E.2d 336, 337 (2002) ("The primary test for determining if a particular offense is a lesser included of the offense charged is the elements test."); *State v. Northcut*, 372 S.C. 207, 215-16, 641 S.E.2d 873, 877-78 (2007) (holding an offense is not a lesser-included offense if it contains an element not included in the greater offense); S.C. Code Ann. § 16-3-95(A) (2003) ("It is unlawful to inflict great bodily injury upon a child."); S.C. Code Ann. § 16-3-95(C) (2003) ("'[G]reat bodily injury' means bodily injury which creates a substantial risk of death or which causes serious or permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."); S.C. Code Ann. § 63-5-80 (2010) (stating it is unlawful to "cruelly ill-treat[] . . . or inflict[] unnecessary pain or suffering upon a child").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.