797 S.E.2d 416

The STATE, Respondent,

v.

Charles Moody BRANDENBURG, Jr., Appellant.

Appellate Case No. 2013-002655
Opinion No. 5470

Court of Appeals of South Carolina.

Submitted September 1, 2016
Filed February 22, 2017

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Megan Harrigan Jameson, both of Columbia, for Respondent.

WILLIAMS, J.:

In this criminal appeal, Charles Moody Brandenburg claims the circuit court erred in charging the jury on first-degree harassment (harassment) as a lesser included offense of stalking. Brandenburg argues harassment is not a lesser included offense of stalking because harassment includes two elements not found in stalking: "unreasonable intrusion into the private life of a targeted person" and "emotional distress." We affirm.

**FACTS**

In December 2013, Brandenburg proceeded to trial on an indictment for stalking. Angela Brandenburg (Angela) testified Brandenburg was her estranged husband. Angela claimed they had two children and lived in Berkeley County, but they separated in June 2012. According to Angela, she left Brandenburg without notice and moved into her parents' home in Abbeville County. Angela stated Brandenburg followed her or "showed up" unexpectedly on several occasions. Despite the family court awarding Angela sole custody of their children and issuing an order prohibiting Brandenburg from contacting her, she asserted he continued to contact her.

After Brandenburg rested, the State requested the circuit court charge the jury on harassment as a lesser included offense. Brandenburg objected to including harassment because the State originally had a warrant for stalking and a warrant for harassment. Brandenburg claimed the State chose to proceed on the stalking charge, and therefore, "they need[ed] to go with that choice." The State claimed harassment was a lesser included offense and the law did not require the State to choose between lesser included offenses. The State asserted the circuit court should charge harassment if the evidence supported the charge. The circuit court noted it believed harassment was not a lesser included offense of stalking, but it reserved its final ruling until the following day.

The next day, the circuit court noted it had "extensive in chambers discussions" regarding the jury charge, but it would allow the parties to explain their positions on the record. The

circuit court explained it intended to include a jury charge on harassment and allow the jury to find Brandenburg guilty of harassment if they found him not guilty of stalking. The State explained the test for determining whether an offense was a lesser included offense was "whether the elements [were] the same, minus one." Brandenburg argued harassment was not a lesser included offense because "the harassment statute included elements that [were] not in the stalking statute." Specifically, Brandenburg claimed the harassment statute required an "[un]reasonable intrusion" but the stalking statute did not. In addition, Brandenburg asserted the harassment statute required the victim to suffer emotional distress whereas the stalking statute did not. The court indicated it appreciated Brandenburg's position, but "considering everything," it believed charging harassment was appropriate.

Subsequently, the circuit court charged the jury that it could consider whether the State proved beyond a reasonable doubt that Brandenburg committed harassment if it found Brandenburg not guilty of stalking. The jury found Brandenburg not guilty of stalking but guilty of harassment. The circuit court sentenced Brandenburg to three years' imprisonment suspended on the service of sixteen months' imprisonment and five years' probation. Brandenburg's counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the appeal was meritless and asking to be relieved as counsel. This court denied the motion to be relieved as counsel and directed the parties to brief the issue that is now before this court on appeal.

**STANDARD OF REVIEW**

"An appellate court will not reverse the [circuit court]'s decision regarding a jury charge absent an abuse of discretion." *State v. Brandt*, 393 S.C. 526, 550, 713 S.E.2d 591, 603 (2011) (quoting *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010)). "An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law." *State v. Patterson*, 367 S.C. 219, 224, 625 S.E.2d 239, 242 (Ct. App. 2006). "To warrant reversal, a [circuit court]'s refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant." *State v. Adkins*, 353 S.C. 312, 319, 577 S.E.2d 460, 464 (Ct. App. 2003).

Questions of statutory interpretation are questions of law, which are subject to *de novo* review and which we are free to decide without any deference to the court below. *Transp. Ins. Co. & Flagstar Corp. v. S.C. Second Injury Fund,* 389 S.C. 422, 427, 699 S.E.2d 687, 689 (2010). "The cardinal rule of statutory interpretation is to ascertain and effectuate the intent[ ] of the legislature." *Sloan v. Hardee,* 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007). "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute." *State v. Sweat,* 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010) (quoting *Broadhurst v. City of Myrtle Beach Election Comm'n,* 342 S.C. 373, 380, 537 S.E.2d 543, 546 (2000)).

**LAW/ANALYSIS**

Brandenburg argues the circuit court erred by including a jury charge for harassment as a lesser included offense of stalking. Specifically, Brandenburg claims harassment is not a lesser included offense of stalking because harassment includes the elements of an "unreasonable intrusion into the private life of a targeted person" and "emotional distress," which are not elements of stalking. We disagree.

"In reviewing jury charges for error, we must consider the [circuit] court's jury charge as a whole in light of the evidence and issues presented at trial." *Adkins,* 353 S.C. at 318, 577 S.E.2d at 463. The circuit "court is required to charge only the current and correct law of South Carolina." *Brandt,* 393 S.C. at 549, 713 S.E.2d at 603 (quoting *Sheppard v. State,* 357 S.C. 646, 665, 594 S.E.2d 462, 472 (2004)). "The [circuit court] is to charge the jury on a lesser included offense if there is any evidence from which the jury could infer that the lesser, rather than the greater, offense was committed." *State v. Watson,* 349 S.C. 372, 375, 563 S.E.2d 336, 337 (2002). "A [lesser included] offense is one whose elements are wholly contained within the crime charged." *State v. Dickerson,* 395 S.C. 101, 118, 716 S.E.2d 895, 904 (2011).

"The primary test for determining if a particular offense is a lesser included of the offense charged is the elements test. The elements test inquires whether the greater

of the two offenses includes all the elements of the lesser offense." *Watson,* 349 S.C. at 375, 563 S.E.2d at 337 (citation omitted). "If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater." *Hope v. State,* 328 S.C. 78, 81, 492 S.E.2d 76, 78 (1997) (quoting *State v. Bland,* 318 S.C. 315, 317, 457 S.E.2d 611, 612 (1995)). To that end, under any circumstance, if a person can commit the greater offense without being guilty of the purported lesser offense, then the latter is not a lesser included offense. *State v. Parker,* 344 S.C. 250, 256, 543 S.E.2d 255, 258 (Ct. App. 2001). However, even if the elements of the greater offense do not include all the elements of the lesser offense, we may still construe the lesser offense as a lesser included offense if it "has traditionally been considered a lesser included offense of the greater offense." *Watson,* 349 S.C. at 376, 563 S.E.2d at 338.

The cardinal rule of statutory construction is that the court must ascertain and effectuate the intent of the legislature. *Mid-State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). Therefore, "[i]n interpreting a statute, [the] words must be given their plain and ordinary meaning without resorting to subtle or forced construction [that] limit or expand the statute's operation." *Rowe v. Hyatt,* 321 S.C. 366, 369, 468 S.E.2d 649, 650 (1996). "[S]tatutes, as a whole, must receive [a] practical, reasonable[,] and fair interpretation consonant with the purpose, design[,] and policy of lawmakers." *Whiteside v. Cherokee Cty. Sch. Dist. No. One,* 311 S.C. 335, 340, 428 S.E.2d 886, 888 (1993).

Furthermore, the court should not consider the particular clause being construed in isolation, but should read it in conjunction with the purpose of the whole statute and the policy of the law. *S.C. Coastal Council v. S.C. State Ethics Comm'n,* 306 S.C. 41, 44, 410 S.E.2d 245, 247 (1991). Statutory provisions should be given a reasonable construction consistent with the purpose of the statute. *Jackson v. Charleston Cty. Sch. Dist.,* 316 S.C. 177, 181, 447 S.E.2d 859, 861 (1994). "[S]tatutes [that] are part of the same [a]ct must be read together." *Burns v. State Farm Mut. Auto. Ins. Co.,* 297 S.C. 520, 522, 377 S.E.2d 569, 570 (1989).

■ Section 16-3-1700(A) of the South Carolina Code (2015) defines harassment in the first degree as follows:

[A] pattern of intentional, substantial, and unreasonable intrusion into the private life of a targeted person that serves no legitimate purpose and causes the person and would cause a reasonable person in his position to suffer mental or emotional distress. Harassment in the first degree may include, but is not limited to:

(1) following the targeted person as he moves from location to location;

(2) visual or physical contact that is initiated, maintained, or repeated after a person has been provided oral or written notice that the contact is unwanted or after the victim has filed an incident report with a law enforcement agency;

(3) surveillance of or the maintenance of a presence near the targeted person's:

(a) residence;

(b) place of work;

(c) school; or

(d) another place regularly occupied or visited by the targeted person; and

(4) vandalism and property damage.

Section 16-3-1700(C) of the South Carolina Code (2015) defines stalking as follows:

[A] pattern of words, whether verbal, written, or electronic, or a pattern of conduct that serves no legitimate purpose and is intended to cause and does cause a targeted person and would cause a reasonable person in the targeted person's position to fear:

(1) death of the person or a member of his family;

(2) assault upon the person or a member of his family;

(3) bodily injury to the person or a member of his family;

(4) criminal sexual contact on the person or a member of his family;

(5) kidnapping of the person or a member of his family; or

(6) damage to the property of the person or a member of his family.

For harassment in the first degree to be a lesser included offense under the elements test, the elements of stalking enumerated in section 16-3-1700(C) must include all of the elements of harassment from section 16-3-1700(A). *See Hope*, 328 S.C. at 81, 492 S.E.2d at 78 ("If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater." (quoting *Bland*, 318 S.C. at 317, 457 S.E.2d at 612)).

At first blush, there is arguable merit to Brandenburg's claim that stalking does not require the element of "a pattern of intentional, substantial, and unreasonable intrusion into the private life of a targeted person," which is an element of harassment. *See* § 16-3-1700(A) (defining harassment, in part, as "a pattern of intentional, substantial, and unreasonable intrusion into the private life" of the victim). By the statute's plain language, stalking requires merely "a pattern of words ... or a pattern of conduct" that is intended to cause and does cause the victim to experience fear of certain actions. *See* § 16-3-1700(C) (defining stalking, in part, as "a pattern of words ... or a pattern of conduct that ... is intended to cause and does cause" the victim to fear death, assault, bodily injury, criminal sexual conduct, kidnapping, or property damage). Unlike harassment, stalking does not expressly require the element of "a pattern of intentional, substantial, and unreasonable intrusion." *See Watson*, 349 S.C. at 376, 563 S.E.2d at 338 (adhering to a "strict application of the elements test").

However, we find stalking impliedly includes this element. Based on our reading of the statute, we conclude the more loosely defined "intrusion" element from the harassment statute equates to the "words ... or conduct" element in the stalking statute as an intrusion could conceivably—and logically—be through either words or conduct. *See* §§ 16-3-700(A), (C). Further, we are uncertain how an intentional and purposeless pattern of words or conduct that causes a reasonable person to fear for his or her safety or that of a family member (stalking) would not also be an intentional and purposeless intrusion into that person's private life (harassment). To that end, it is difficult to conceive a stalking scenario targeted at either a victim or a victim's family member that would *not*

intrude into the victim's private life. *See Stevenson v. State*, 335 S.C. 193, 200, 516 S.E.2d 434, 438 (1999) (noting "a lesser offense is included in the greater only if each of its elements is *always* a necessary element of the greater offense" (emphasis added)).

Regarding Brandenburg's argument that harassment requires the victim "to suffer mental or emotional distress" and stalking does not, we find this claim to be without merit. The stalking statute does not expressly require the victim suffer mental or emotional distress; rather, the perpetrator's words or conduct must cause the victim to "fear" death, assault, bodily injury, criminal sexual conduct, kidnapping, or property damage. *See* § 16-3-1700(C) (defining stalking, in part, as "a pattern of words ... or a pattern of conduct that ... is intended to cause and does cause" the victim to fear death, assault, bodily injury, criminal sexual conduct, kidnapping, or property damage). Despite this, if the victim fears one or more of these actions, we believe it is also reasonable to assume the victim is suffering mental or emotional distress. *See Jackson*, 316 S.C. at 181, 447 S.E.2d at 861 (finding statutory provisions should be given a reasonable construction consistent with the purpose of the statute); *see also* 12B AM. JUR. PLEADING & PRACTICE FORMS *Fright, Shock, Etc.* § 40 (2016) ("The term 'emotional distress' means mental distress, mental suffering[,] or mental anguish. It includes all highly unpleasant mental reactions, such as fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation[,] and indignity, as well as physical pain."); *Emotional Distress*, BLACK'S LAW DICTIONARY (10th ed. 2014) ("A highly unpleasant mental reaction (such as anguish, grief, fright, humiliation, or fury) that results from another person's conduct; emotional pain and suffering."). Thus, despite the difference in the wording of these elements, we conclude stalking includes the victim suffering mental or emotional distress.

Even if we concluded a strict application of the elements test does not warrant including harassment as a lesser included offense of stalking, this court could construe it as a lesser included offense if harassment "has traditionally been considered a lesser included offense of the greater offense charged." *See Watson*, 349 S.C. at 376–77, 563 S.E.2d at 338 (finding the elements of murder did not include all the elements of reckless

homicide, but holding the lesser included inquiry did not end with the application of the elements test if the offense was traditionally considered a lesser included offense of the greater offense, and ultimately concluding nothing in our jurisprudence indicated reckless homicide was a lesser included offense of murder).

No South Carolina case expressly recognizes harassment as a lesser included offense of stalking. We are, however, aware of *State v. Prince*, 335 S.C. 466, 471, 517 S.E.2d 229, 232 (Ct. App. 1999), in which this court addressed whether property damage was an "act of violence" sufficient to support a charge of aggravated stalking. In resolving this question of first impression, the court indicated that harassment and stalking crimes are intertwined. Specifically, the court stated,

Our current harassment and stalking statute, which took effect on June 12, 1995, delineates a three-tiered approach to stalking crimes. The first level, harassment, is a misdemeanor, and the statute specifically includes vandalism and property damage as acts sufficient to support a harassment charge. The second level, stalking, is also a misdemeanor, but the penalties for stalking are greater than those for harassment. A pattern of conduct causing fear of "damage to the property of the person" is sufficient to support a stalking charge. The third level, aggravated stalking, is a felony and is defined as stalking accompanied or followed by an act of violence.

*Prince*, 335 S.C. at 472–73, 517 S.E.2d at 232 (internal citations omitted). The court's discussion of our "anti-stalking legislation" and the interplay between harassment and stalking in section 16-3-1700 lends credit to our conclusion that harassment was intended by our state legislature to be a lesser included offense of stalking. Further, the *Prince* court agreed that "while one isolated incident of property damage could be harassment, if [the property damage was] accompanied by a pattern of conduct causing fear, it could be sufficient as an aggravating factor to justify a charge of aggravated stalking." *Id.* at 476, 517 S.E.2d at 234. Although the precise issue in *Prince* was different from the issue before this court, we find this statement evinces this court's agreement with the notion that harassment is a lesser included offense of stalking.

Since *Prince*, the crime of harassment has been delineated into a first-degree and second-degree offense and aggravated

stalking has been omitted as a separate offense. *See* S.C. Code Ann. §§ 16-3-1700(A)–(C) (2000) (current version at § 16-3-1700(A)–(C) (2015)). However, we are mindful that the offenses of harassment and stalking are still included in the same statutory framework, and when "interpreting a statute, [this court] does not look merely at a particular clause in which a word may be used, but rather looks at the word and its meaning in conjunction with the purpose of the whole statute, and in light of the object and policy of the law." *S.C. Coastal Council*, 306 S.C. at 44, 410 S.E.2d at 247. Despite post-*Prince* amendments to section 16-3-1700, we recall this court's public policy explanation for anti-stalking legislation from *Prince* and believe this reasoning is congruent with a finding that harassment is a lesser included offense of stalking. Specifically, the *Prince* court held,

> This state adopted these statutes to protect stalking victims and provide help and intervention *before* a pattern of harassing conduct results in bodily injury or death. To require that one can *only* be guilty of aggravated stalking when there is a bodily injury does not promote the public policy of apprehending stalkers at the earliest possible moment before their acts of stalking escalate to acts of violence against the victim. To so hold would be illogical.

*Prince*, 335 S.C. at 476, 517 S.E.2d at 234. Aware that we must read statutes that are part of the same act together and cognizant of the public policy concerns underpinning our anti-stalking legislation, we find the legislature intended harassment to be a lesser included offense of stalking. *See S.C. Coastal Council*, 306 S.C. at 44, 410 S.E.2d at 247 ("[I]n interpreting a statute, [this court] does not look merely at a particular clause in which a word may be used, but rather looks at the word and its meaning in conjunction with the purpose of the whole statute, and in light of the object and policy of the law."); *Burns*, 297 S.C. at 522, 377 S.E.2d at 570 (stating statutes that are part of the same act must be read together).

## CONCLUSION

Based on the foregoing, the circuit court's decision is **AFFIRMED.**

THOMAS and GEATHERS, JJ., concur.