**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Benjamin Cervantes Hernandez, Appellant.

Appellate Case No. 2016-000612

———————

Appeal From Beaufort County
John C. Hayes, III, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-343
Submitted May 1, 2018 – Filed August 1, 2018
Withdrawn, Substituted and Refiled September 26, 2018

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Benjamin Cervantes Hernandez appeals his conviction for criminal sexual conduct with a minor (CSCM) in the second degree, arguing the

trial court erred in not instructing the jury regarding the lesser-included offenses of assault and battery in the first and second degrees when the offenses are lesser-included offenses of CSCM in the second degree and the evidence supported the instructions.  We affirm.

**FACTS**

On July 17, 2015, Hernandez was visiting the home of a friend, Maria Pizana-Covos (Mother).  One of Mother's daughters, Minor, told Mother that Hernandez touched her inappropriately.  Minor was eleven years old at the time.  Mother confronted Hernandez and called the police.  Mother told the 911 operator there was no penetration.

Minor testified she was sitting on her couch with Hernandez and his girlfriend when Hernandez touched her "private part."  She heard her baby brother crying in another room, so she went to give him a bottle.  She said Hernandez followed her into the room, tried to prevent her from leaving, and touched her breasts while she was holding her brother.  She took her brother into the living room, but Hernandez followed her back into the baby's room and put his hand in her underwear.  She said he warned her it would get worse if she said anything about it.  He also told her he wanted to kiss her when they were outside with the other children.  She testified at trial that "his fingers went inside [her] private part."  However, she told a therapist at Hope Haven that she was not sure if his fingers went inside her.  She also told the responding police officer and the therapist at Hope Haven that Hernandez did not touch her on the couch or the first time he went into the baby's room.

Hernandez testified he went into the baby's room and tried to grab the baby from the edge of the bed so he did not fall.  He said Minor grabbed him and kissed him between his cheek and his lips when he leaned down to get the baby.  He said she then grabbed his hand and put it inside her pajamas and used her other hand to make "pressure between her legs."  He pushed the baby back on the bed and pushed her to take his hand out.  He admitted he felt moisture when he touched her genital area.  He denied touching Minor on the couch, touching her breasts in the baby's room, and telling Minor he wanted to kiss her when they were outside.

Hernandez was indicted for two counts of CSCM with a minor in the third degree and one count of CSCM with a minor in the second degree.  A trial was held on February 22-25, 2016.  The jury found Hernandez was not guilty of two counts of CSCM in the third degree but found him guilty of CSCM in the second degree.

The court sentenced him to 15 years' imprisonment with credit for 190 days. Hernandez was also placed on the sex offender registry. Hernandez filed a motion for new trial and a motion for reconsideration. The court denied the motions. This appeal followed.

**STANDARD OF REVIEW**

"In criminal cases, we review the decisions of the trial court only for errors of law." *State v. Gilmore*, 396 S.C. 72, 77, 719 S.E.2d 688, 690 (Ct. App. 2011). "Therefore, in the context of a trial court's decision not to charge a requested lesser-included offense, we review the trial court's decision de novo." *Id.* A trial court's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant to warrant reversal. *State v. Brandenburg*, 419 S.C. 346, 349, 797 S.E.2d 416, 418 (Ct. App. 2017). "We must reverse and remand for a new trial if the evidence in the record is such that the jury could have found the defendant guilty of the lesser offense instead of the crime charged." *Gilmore*, 396 S.C. at 77, 719 S.E.2d at 690-91.

**LAW/ANALYSIS**

Hernandez argues the trial court erred in not instructing the jury regarding the lesser-included offenses of assault and battery in the first and second degrees when the offenses are lesser-included offenses of CSCM in the second degree and the evidence supported the instructions. We disagree.

"A lesser-included offense is one whose elements are wholly contained within the crime charged." *State v. Dickerson*, 395 S.C. 101, 118, 716 S.E.2d 895, 904 (2011). "The primary test for determining if a particular offense is a lesser included of the offense charged is the elements test. The elements test inquires whether the greater of the two offenses includes all the elements of the lesser offense." *Brandenburg*, 419 S.C. at 350-51, 797 S.E.2d at 418 (quoting *State v. Watson*, 349 S.C. 372, 375, 563 S.E.2d 336, 337 (2002)). "If the lesser offense includes an element not included in the greater offense, then the lesser offense is not included in the greater." *Id.* at 351, 797 S.E.2d at 418 (quoting *Hope v. State*, 328 S.C. 78, 81, 492 S.E.2d 76, 78 (1997)).

A person is guilty of CSCM in the second degree if "the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age." S.C. Code Ann. § 16-3-655(B)(1) (2015). "Sexual battery" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any

intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, except when such intrusion is accomplished for medically recognized treatment or diagnostic purposes." S.C. Code Ann. § 16-3-651(h) (2015).

A person is guilty of assault and battery in the first degree if they unlawfully injure another person, and the act "involves nonconsensual touching of the private parts of a person, either under or above clothing, with lewd and lascivious intent." S.C. Code Ann. § 16-3-600(C)(1)(a)(i) (2015). A person is guilty of assault and battery in the second degree if they unlawfully injure another person, "or offer[] or attempt[] to injure another person with the present ability to do so," and "the act involves the nonconsensual touching of the private parts of a person, either under or above clothing." S.C. Code Ann. § 16-3-600(D)(1)(b) (2015).

CSCM in the second degree is the touching of a minor's private parts. CSCM in the second degree does not require an injury and must involve a minor under the age of fourteen. Assault and battery in the first degree requires an injury and nonconsensual touching of a person's private parts. Assault and battery in the second degree requires an injury or an attempted injury and nonconsensual touching of a person's private parts. Therefore, because assault and battery in the first degree requires an injury and in the second degree requires an injury or an attempted injury, and CSCM in the second degree does not, the elements test fails.

At trial, Hernandez requested the trial court charge the jury with assault and battery in the first and second degrees as lesser-included offenses of CSCM in the second degree. Hernandez argued assault and battery in the first degree is the equivalent of the former common-law offense of assault and battery of a high and aggravated nature (ABHAN), which had been found to be a lesser-included offense of some criminal sexual conduct cases. Hernandez cited to *State v. Mathis*, 287 S.C. 589, 593-94, 340 S.E.2d 538, 541 (1986) (holding ABHAN is a lesser-included offense of criminal sexual conduct in the first degree, and a trial judge is required to charge the jury on a lesser-included offense if there is evidence from which it could be inferred that a defendant committed the lesser, rather than the greater offense), and *State v. Murphy*, 322 S.C. 321, 326, 471 S.E.2d 739, 741 (Ct. App. 1996) (ruling defendant was entitled to a charge of assault of a high and aggravated nature as a lesser-included offense of assault with intent to commit first degree criminal sexual conduct (CSC), and the trial judge erred in refusing such a request). The trial court denied Hernandez's request, stating, "had the legislature desired to include these crimes . . . under the CSC [as] lesser[-]included of the new assault and batter[y, t]hey could have included these offenses as lesser[-]included offenses by statute[,]

but I'm not go[ing to] charge the lesser[-]included." The trial court charged the jury on the elements of second-degree and third-degree CSCM but did not present instructions on any other offenses. Hernandez did not object after the jury charge.

On appeal, Hernandez does not cite to a case that has found assault and battery in the first or second degree to be the lesser-included offenses of CSCM in the second degree. Instead, he again argues they should be based on our State's tradition of finding ABHAN to be a lesser-included offense of CSC even though the two offenses fail the traditional elements test. *See State v. Primus*, 349 S.C. 576, 581, 564 S.E.2d 103, 106 (2002), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005) ("[T]he [supreme c]ourt most recently determined that because it had consistently held ABHAN is a lesser[-]included offense of assault with intent to commit CSC, it would continue this ruling even though the two offenses failed the traditional elements test. Similarly, the [supreme c]ourt has repeatedly held ABHAN is a lesser[-]included offense of first degree CSC. In order to have a uniform approach to CSC and ABHAN offenses, we likewise hold ABHAN is a lesser[-]included offense of first degree CSC." (citations omitted)).

In 2010, the South Carolina Legislature codified ABHAN and assault and battery in the first to third degrees. S.C. Code Ann. § 16-3-600 (2015). The statute provides that ABHAN is the lesser-included offense of attempted murder, assault and battery in the first degree is the lesser-included offense of ABHAN, assault and battery in the second degree is the lesser-included offense of assault and battery in the first degree, and assault and battery in the third degree is the lesser-included offense of assault and battery in the second degree. S.C. Code Ann. § 16-3-600 (2015). We find that had the Legislature intended for assault and battery in the first and second degrees to be lesser-included offenses of CSCM, it could have so provided.

Therefore, we find the trial court did not err in determining assault and battery in the first and second degrees are not lesser-included offenses of CSCM in the second degree. We need not determine if any evidence in the record supported a jury charge on assault and battery. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

**CONCLUSION**

Accordingly, the decision of the trial court is

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.